360 So.2d 50 (1978)
Clyde WALTON, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1683.
District Court of Appeal of Florida, Second District.
June 23, 1978.
*51 Jack O. Johnson, Public Defender, P. Douglas Brinkmeyer, Chief Asst. Public Defender, and Daphne W. Boswell, Legal Intern, Bartow, for appellant.
Clyde Walton, pro se.
Robert L. Shevin, Atty. Gen., Tallahassee and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The state filed one information charging appellant in separate counts with possession of marijuana, cocaine, and heroin and a second information charging him in Count I with possession of a concealed firearm and in Count II with possession of a concealed firearm while committing a felony. Appellant pled guilty to all the charges. Thereafter the court sentenced him to three concurrent five-year prison terms on the first information and two concurrent five-year prison terms on the second information. Appellant then filed a timely notice of appeal.
We do not consider any irregularity which might have occurred in the acceptance of appellant's plea. Appellant having pled guilty to the charges filed against him does not have the right to a direct appeal from that plea. Section 924.06(3),[1] Florida Statutes (1977). We are not, however, precluded from reviewing appellant's sentence which we hold should be corrected.
We submit the trial court erred in sentencing appellant for carrying a concealed firearm because the factual basis developed for appellant's plea demonstrates that the crimes of carrying a concealed firearm and carrying a concealed firearm while committing a felony were facets of the same transaction. Williams v. State, 349 So.2d 800 (Fla. 2d DCA 1977). Section 775.021(4),[2] Florida Statutes (1977), which limits the single transaction rule, does not change this result since carrying a concealed firearm is a necessarily lesser included offense of carrying a concealed firearm while committing a felony. In Brown v. State, 206 So.2d 377, 382 (Fla. 1968) the Supreme Court of Florida defined a necessarily lesser included offense as "an essential aspect of the major offense." Under this definition it would be manifestly impossible to prove carrying a concealed firearm while committing a felony without also proving carrying a concealed firearm. See Huff v. State, 350 So.2d 123 (Fla. 2d DCA 1977).
Accordingly, we remand this case to the trial court with directions to set aside the sentence for carrying a concealed firearm; otherwise affirmed. Appellant need not be present for this purpose.
BOARDMAN, C.J., and SCHEB and RYDER, JJ., concur.
NOTES
[1] (3) A defendant who pleads guilty or nolo contender with no express reservation of the right to appeal shall have no right to a direct appeal. Such a defendant shall obtain review by means of collateral attack.
[2] (4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.