PER CURIAM.
The appellant was convicted of robbery, aggravated battery, and the use of a firearm in the commission of a felony. He was sentenced to 20 years for the robbery, 15 years for the use of a firearm in the commission of a felony, and one year for aggravated battery; sentences to run concurrently-
The appellant urges that the trial court erred in the sentence on the conviction for possession of a firearm while committing a felony, because this crime was a necessarily included offense in the conviction for robbery and because the evidence disclosed that the firearm was used during the robbery.[1]
We have examined Walton v. State, 360 So.2d 50 (Fla. 2d DCA 1978), compare: State v. Munford, 357 So.2d 706 (Fla.1978), and Section 775.021(4), Florida Statutes (1976), and determined that under the proof in this cause a firearm was involved in the robbery and the appellant was improperly given an enhanced sentence because of such possession. See: Section 812.13, Florida Statutes (1976). Therefore, we find that the trial court erred in the sentence on the firearm possession conviction.
The State relies heavily on this court’s opinion in Johnson v. State, 338 So.2d 556 (Fla. 3d DCA 1976). This is misplaced in light of the Supreme Court holding in Johnson v. State, 366 So.2d 418 (Fla.1978).
The other error urged, relating to the jury instruction on flight from the scene of the crime, has been examined and found to be without merit. Williams v. State, 268 So.2d 566 (Fla. 3d DCA 1972); Spinkellink v. State, 313 So.2d 666 (Fla.1975); Martinez v. State, 346 So.2d 1209 (Fla. 3d DCA 1977).
Accordingly, we remand this case to the trial court with directions to set aside the sentence imposed for possession of a firearm while committing a felony. Otherwise, the convictions, adjudications and sentences are affirmed. The appellant need not be present for this purpose.
Affirmed in part, reversed in part with directions.

. In the jury verdict of guilt on this count, the jury specifically noted that the defendant did use a firearm.