452 So.2d 953 (1984)
Lena Mae CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1761.
District Court of Appeal of Florida, Fifth District.
June 7, 1984.
Rehearing Denied July 9, 1984.
*954 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Carter appeals from the revocation of her probation and sentence of eighteen months. The sole issue on appeal is whether the trial judge properly calculated the sentence under the new sentencing guidelines. Fla.R.Crim.P. 3.701. We think the trial court erroneously added points to the sentencing guidelines score sheet for Carter's violation of probation, thereby pushing the sentence beyond the recommended maximum range. However, we think that violation of probation may serve as a basis for imposing a sentence higher than the recommended range, upon appropriate findings by the court. Fla.R.Crim.P. 3.701(d)(6) & (11).
In this case appellant pleaded guilty on April 10, 1981, to resisting an officer with violence,[1] and was placed on probation for three years. On June 24, 1983, the state filed an affidavit of violation of probation:
affiant has reason to believe that probationer has committed offenses against the laws of the State of Florida in that probationer committed the offense of Battery on a Police Officer, Trespass After Warning, Criminal Mischief, and Resisting an Officer with Violence on 5/15/82 in Winter Garden, FL.
Appellant pleaded guilty to the violation of probation charge of resisting an officer with violence, and was sentenced on November 8, 1983.
In calculating Carter's sentence, the court employed the new sentencing guidelines.[2] It added thirty-six points to the score sheet because appellant was on probation for the offense for which she was being sentenced. The court determined that this constituted being under "legal constraint" at the time the offense for which appellant was being sentenced was committed. Fla.R.Crim.P. 3.988(d)(IV). But, Carter was not under any legal constraint at the time she committed the offense for which she was sentenced. See Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984).
However, we think that a violation of probation may serve as a legitimate reason to exceed the presumptive sentence established in the guidelines in the discretion of the trial judge, provided the basis is stated in writing. Fla.R.Crim.P. 3.701(d)(11).[3] Accordingly, we vacate the sentence and remand this cause for resentencing.
SENTENCE VACATED AND CASE REMANDED.
COBB and COWART, JJ., concur.
NOTES
[1] § 843.01, Fla. Stat. (1979).
[2] The state argues that the trial court erred in sentencing appellant under the guidelines since they were not in effect at the time the offense was committed. This argument has been rejected by the First District Court of Appeal in Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984).
[3] We note that effective February, 1984, the Sentencing Guidelines Commission amended Florida Rule of Criminal Procedure 3.701(d) as follows: "The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next highest cell (guideline range) without requiring a reason for departure." The Florida Bar: Amendment to Rules of Criminal Procedure (3.701; 3.988  Sentencing Guidelines), No. 65,216 (Fla. May 8, 1984) [1984 F.L.W. 169]; Fla.R.Crim.P. 3.701(d)(14). The supreme court adopted the amendment on May 8, 1984, but the rule has not, as yet, been approved by the legislature. § 921.001(4)(b), Fla. Stat. (1983).

However, assuming such a committee note or rule is now in effect, we do not think the amended rule can be applied retroactively. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); Wilensky v. Fields, 267 So.2d 1 (Fla. 1972); Higginbotham v. State, 88 Fla. 26, 101 So. 233 (1924); U.S. CONST. art. I, § 9, cl. 3; Art. I, § 10, Fla. Const.