452 So.2d 955 (1984)
Glynn ADDISON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 83-2187.
District Court of Appeal of Florida, Second District.
July 6, 1984.
Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Glynn Addison, Jr., challenges a five-year prison sentence imposed outside the recommended sentencing guidelines. We affirm.
Defendant was placed on five years probation on May 19, 1980, for the offense of grand theft. On August 4, 1983, the state filed an affidavit alleging that defendant violated his probation by:
Violation of Condition (5) of the Probation Order, in that, on August 1, 1983 probationer did possess marijuana, less than five grams, as evidenced by his arrest for Possession of a Controlled Substance  Cannabis (misdemeanant) and further attested to by Deputy William Andreu of the Charlotte County Sheriff's Office.
Violation of Condition (9) of the Probation Order, in that, on August 1, 1983 probationer did consume alcohol as evidenced by his arrest for Driving While Under the Influence and Driving With *956 Unlawful Alcohol Blood Level and further attested to by Deputy William Andreu of the Charlotte County Sheriff's Office.
Defendant appeared before the trial judge with his counsel on October 10, 1983, and entered a plea of nolo contendere to these alleged violations. He elected to be sentenced under the new sentencing guidelines, pursuant to section 921.001(4)(a), Florida Statutes (1983). See also In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983).
The court and counsel explained to defendant that although the scoresheet prepared under the sentencing guidelines indicated the recommended sentence would be any non-state prison sanction, that the trial court had the option of going outside those guidelines in imposing a sentence. The trial judge recalled that when he placed the defendant on probation, he emphasized the importance of defendant abstaining from the use of alcoholic beverages. He further mentioned his admonition to defendant at that time that violation of these conditions of probation would result in a prison sentence. The trial judge then accepted defendant's plea and sentenced him to five years imprisonment with credit for time served. This timely appeal followed. We have jurisdiction pursuant to section 924.06(1)(e), Florida Statutes (1983), and Florida Rule of Appellate Procedure 9.140(b).
Defendant first contends that his violation of probation relates to the instant offense for which he was sentenced. He argues that Florida Rule of Criminal Procedure 3.701(d)(11) precludes any factors relating to the instant offense from being considered as reasons for deviating from the guidelines.[1] We think defendant's basic premise is incorrect. To begin with, the subsequent conduct involved in his probation violations, i.e., possession of marijuana and driving while under the influence of alcoholic beverages, was not related to the offense of grand theft for which he was sentenced. Furthermore, even assuming that such probation violations did relate to the instant offense, nothing in rule 3.701 says that matters excluded for purposes of guidelines computation cannot be considered as reasons for departure from the sentencing guidelines. See Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984).
Defendant further contends that the court erred in sentencing him outside the guidelines, because there was no clear and convincing reason to warrant such action. Again, we disagree. We think that violation of a substantive condition of probation can be a basis for a trial court to exercise its discretion in sentencing outside the area of the guidelines. See Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984). The violations alleged here were substantial and were not contested by defendant. While a defendant may appeal a sentence outside the guidelines, it is not the function of this court to re-evaluate the exercise of the trial judge's discretion in this area. Rather, our role is to assure that there is no abuse of that discretion. Here, the trial judge stated his basis for departing from the guidelines in writing and imposed a sentence within the statutory parameters. Given this factual situation, no abuse of discretion has been shown.
In responding to this appeal, the state alleges that the new sentencing guidelines are not applicable, because the sentence here was a "resentencing" after probation. We reject the state's position. When the defendant was originally placed on probation, the trial court withheld imposing sentence. § 948.01(3), Fla. Stat. (1983). Probation does not constitute a sentence. Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981). Rather, the sentencing occurred on October 10, 1983, after revocation of probation. Thus, the defendant was entitled, at his election, to be sentenced *957 under Florida Rule of Criminal Procedure 3.701. Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984); see Harrington v. State, 455 So.2d 1317 (Fla. 2d DCA 1984).
Affirmed.
GRIMES, A.C.J., and OTT, J., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.701(d)(11) provides:

Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained.