453 So.2d 129 (1984)
Jackson Leroy NEELY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1565.
District Court of Appeal of Florida, Fifth District.
July 12, 1984.
Rehearing Denied July 26, 1984.
James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
*130 Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
On October 17, 1983, the trial court revoked Neely's probation and sentenced him under the new sentencing guidelines, Florida Rule of Criminal Procedure 3.701, for carrying a concealed weapon in violation of section 790.01, Florida Statutes (1983). Neely was placed on probation on January 26, 1979, for five years, and on May 24, 1983, an affidavit of violation of probation was filed against him. He pleaded guilty to violating probation and the trial court sentenced him to four years in state prison. This sentence exceeded the presumptive guideline sentence.[1]
The trial judge stated on the appealed sentence that he was exceeding the presumptive sentence because following the guidelines "would result in almost no sentence. The defendant's original probation order was for almost the presumptive sentence." Also, expressly stated on the score sheet appears the following reason for departure:
While serving a Five Year Probation for Carrying a Concealed Firearm Offender accumulated Six Misdemeanor Convictions and one Felony Conv. [sic] for Concealing a Fugitive all occurring in State of Illinois and subsequently to being placed on Orange Cty Probation in Case CR78-815 on 01/26/79.
As stated in Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984), we think violation of probation may be a sufficient reason to exceed the presumptive guidelines range if rules 3.701(b)(6) and 3.701(d)(11) are complied with. The reasons given here are tantamount to such a statement, and therefore we affirm the sentence in this case.
AFFIRMED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] The presumptive sentence for Neely was any non-state prison sanction. Fla.R.Crim.P. 3.988(h). The four year term exceeded the next presumptive sentence range as well.