SHARP, Judge.
Bodine appeals from three sentences of thirty months to run concurrently for forgery [1] and uttering a forgery.[2] The sentences were imposed on October 3, 1983, after Bodine pleaded guilty to possession of a firearm by a convicted felon,[3] which constituted a violation of his five years probation on the forgery and uttering crimes. Bodine elected to be sentenced under the new sentencing guidelines,[4] and he argues that the trial court erred in calculating his sentence by adding to his total score fifteen points for possession of a firearm, -under the category of “prior record.” We agree.
Florida’s' sentencing guidelines define “prior record” as “any past criminal conduct on the part of the offender, resulting in conviction, disposed of prior to the commission of the instant offense.” (Emphasis added). Fla.R.Crim.P. 3.701(d)(5)(a). This subsequently committed crime which formed the basis for Bodine’s probation *958 revocation should not be considered as a part of his prior record because it had not been “disposed of” before he committed the forgery offenses.
Under the guidelines the presumptive sentence in this case (minus the fifteen points improperly added) was the first bracket, any non-state prison sanction. The sentences given fell within the next bracket. We held in Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984), that if Florida Rule of Criminal Procedure 3.701(d)(ll) is complied with, the court may exceed the guideline range where there has been a violation of probation. We therefore vacate the sentences and remand for resentencing.
SENTENCE VACATED AND CAUSE REMANDED FOR RESENTENCING.
COBB, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.

. § 831.01, Fla.Stat. (1981).

. § 831.02, Fla.Stat. (1981).

. § 790.23, Fla.Stat. (1983).

. See Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984).