456 So.2d 1209 (1984)
James HACKNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1725.
District Court of Appeal of Florida, Fifth District.
September 7, 1984.
Rehearing Denied October 15, 1984.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is another sentencing guidelines case.
Defendant, age 19, entered a negotiated plea to grand theft (§ 812.014, Fla. Stat.) and elected guideline sentencing.[1] The appropriate guideline sentence score sheet (Form 3.988(f), Category 6) resulted in a recommended or presumptive guideline sentence in the lowest range, i.e., any nonstate prison sanction.
The trial judge found that the defendant met the statutory criteria to be sentenced as a youthful offender under section 958.05, Florida Statutes, and sentenced him to four years imprisonment to be followed by two years of community control, explaining the reason as follows:
THE COURT: James [defendant], looking at your record, son, this is absolutely *1210 the best thing that I or any others of us here can try to do to help you. The institution that you will go to under this sentence has all kinds of programs to train you to earn a living, and help you get along in the free world ... we are trying, not trying to send you to the penitentiary; trying to send you some place where you can get some help that will help you survive when you come out.
The State argues this appeal should be dismissed because a guilty plea cannot be appealed under section 924.06(3), Florida Statutes, and Florida Rule of Appellate Procedure 9.140(b)(1), and because defense counsel made no objection at the time the sentence was imposed. The statutory and rule bar to direct appeal from a judgment entered upon a guilty plea relates to the issue, and adjudication, of guilt and not to errors in sentencing which is imposed after the guilty plea.[2] Section 924.06(3), Florida Statutes, and Rule 9.140(b)(1), do not limit the right under section 924.06(1)(e) and 921.001(5), Florida Statutes, and Rule 9.140(b)(1)(E) to appeal a sentence imposed outside the range recommended by the sentencing guidelines. In Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984), this court considered a guideline sentencing issue on an appeal taken after a guilty plea. The contemporaneous objection rule does not relate to sentencing errors. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984).
Sentencing under the Florida Youthful Offender Act (ch. 958, Fla. Stat.), is expressly acknowledged by the sentencing guidelines to be a statutory alternative to a guideline sentence. The committee notes to Rule 3.701d.11. of the original sentencing guidelines (which were effective and applicable when Hackney was sentenced in this case) explicitly stated that sentences under the Youthful Offender Act (ch. 958) "need not conform to the guidelines." In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 852 (Fla. 1983). Effective July 1, 1984 (and after the sentencing in this case) the legislature adopted, pursuant to section 921.001(4)(b), Florida Statutes, the amendment to the sentencing guidelines previously approved by the Florida Supreme Court (see Ch. 84-328, Laws of Florida, and The Florida Bar: Amendment to the Rules of Criminal Procedure (3.701; 3.988  (Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). The previous committee note to 3.701d.11., relating to sentencing under the Youthful Offender Act, was deleted and the supreme court stated that "while these statutory alternatives are acknowledged, the sentencing court is required to explain the guideline departure when an alternative program is used." 451 So.2d at 824. Of course, this amendment cannot be applied retroactively. Carter, 452 So.2d at 954, n. 3.
We agree with Massaro v. State, 449 So.2d 1010 (Fla. 2d DCA 1984), that under current law the Youthful Offender Act (ch. 958), when applicable, is a lawful statutory alternative to a recommended guideline sentence, although it may authorize a more severe disposition, and the reasons for imposing a sentence under the Youthful Offender Act constitute sufficient reasons for departing from the guideline sentence.
We also observe, as noted by Judge Erwin, specially concurring in Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984), that the legislature has, by section 921.005, Florida Statutes (1983), explicitly authorized the sentencing court to exercise discretion as to factors outside of the sentencing guidelines when sentencing all persons who committed crimes before October 1, 1983.
Although the amendment to the sentencing guidelines, which appears to require the sentencing court to make a written statement explaining reasons for the guideline departure when imposing a sentence complying with the Youthful Offender *1211 Act, are not applicable retroactively to the sentence in this case, nevertheless, we hold that the above quoted explanation of the trial judge made orally when imposing the sentence in this case, and transcribed and made a part of the appellate record, is sufficient in substance and form to comply with the requirements of the sentencing guidelines, as amended. See Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984).
AFFIRMED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] See Ch. 921, Fla. Stat., and Fla.R.Crim.P. 3.701 and Form 3.988.
[2] See Robinson v. State, 373 So.2d 898 (Fla. 1979); Smith v. State, 358 So.2d 1164 (Fla. 2d DCA 1978); Walton v. State, 360 So.2d 50 (Fla. 2d DCA 1978); Robbins v. State, 413 So.2d 840 (Fla. 3d DCA 1982).