COWART, Judge,
dissenting:
Prior to October 1, 1983, appellant was placed on probation on a burglary offense and a grand theft offense and violated his probation. On October 1, 1983, the Florida sentencing guidelines became effective. See § 921.001, Fla.Stat. (1983), and Fla.R. Crim.P. 3.701. As permitted by the guidelines, by formal document dated November 16, 1983, appellant elected to be sentenced under the sentencing guidelines. The sen- *350 fencing guideline scoresheet, showing a point total of 34 and a recommended guideline sentence of “any non-state prison sanction,” was prepared by the State, agreed to by the defense and filed with the court. At sentencing, after argument of counsel, the court observed that the court had previously put appellant “on a straight probation and asked him to get his GED, on the 18th of December, and he’s already in trouble by July of the next year.” The trial judge then said:
Mr. Mack has not demonstrated, in my judgment, sufficient willingness to merit my consideration under the guidelines. I, too, believe that this is a sentence which I might have imposed in 1981, and which I told the defendant at that time that if he did not live up to the terms and conditions of his probation, I would in fact revoke his probation and adjudicate him guilty and impose any sentence which I might have imposed before. Therefore, I am not going to sentence him under the guidelines with regard to the scores indicating non-state prison sanctions, (emphasis added)
The trial judge then imposed a prison sentence and the defendant appeals.
The majority opinion views this as a case where the trial judge refused to follow the sentencing guidelines. This dissent views this as a case where the trial judge departed from the recommended guideline sentence and stated an appropriate reason for doing so. Admittedly the trial judge’s statement is somewhat ambiguous. He did not unequivocally state, “The court is departing from the recommended guideline sentence because this defendant was previously placed on probation as to this offense and he has violated that probation and the court is now convinced that the defendant is not amenable to non-prison rehabilitation and that the ends of justice, and the protection of the public, now require that the defendant be punished by confinement in the state prison, etc.”
However, as a matter of law a violation of probation alone does constitute an adequate reason for departing from a guidelines recommended sentence,[1] the defendant in this case did, in fact, violate probation as to the criminal offense for which he is being sentenced and the trial judge imposed a sentence that did, in fact, deviate or depart[2] from the guideline recommended sentence and did clearly and adequately state on the record[3] that he was doing so because of the probation violation. In addition, section 921.005(l)(a), Florida Statutes (1983), gives the judge in this case special sentencing discretion because of the elective applicability of the sentencing guidelines to this particular case. The general rule that trial court decisions are presumptively valid and should be affirmed if supported by the law and the facts, even when erroneous reasons are given, should be applied and this case should be affirmed.

. Maged v. State, 455 So.2d 1153 (Fla. 5th DCA 1984); Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984); Gordon v. State, 454 So.2d 657 (Fla. 5th DCA 1984); Bodine v. State, 452 So.2d 957 (Fla. 5th DCA 1984); Neely v. State, 453 So.2d 129 (Fla. 5th DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).

. A sentence that deviates or departs from that recommended by the guidelines does not follow the guidelines and is not a sentence in accordance with, or pursuant to, sentencing guidelines.

. See Hackney v. State, 456 So.2d 1209 (Fla. 5th DCA 1984); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984).