PER CURIAM.
In 1980 appellant pled guilty to burglary and was placed on probation. On October 18, 1983, appellant was found guilty of violating his probation. Although his original offense was committed before the effective date (October 1, 1983) of the sentencing guidelines,[1] appellant was sentenced after that date, and elected to be sentenced under the guidelines. The trial court ruled that the sentencing guidelines did not apply to this case because the violation of probation occurred prior to the date sentencing guidelines were effective and did not impose the recommended guideline sentence and did not state in writing reasons for imposing a departure sentence. Because of appellant’s election the guidelines were applicable. See Carroll v. State, 454 So.2d 791 (Fla. 5th DCA 1984); Rutlin v. State, 455 So.2d 1347 (Fla. 5th DCA 1984); Mack v. State, 458 So.2d 347 (Fla. 5th DCA 1984).
We have recently held that as to sentence imposed before July 1, 1984,[2] in the exercise of judicial sentencing discretion and when articulated in writing as required by the rules, a violation of probation may serve as a clear and convincing reason for a departure from a guideline sentence. Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984); Neely v. State, 453 So.2d 129 (Fla. 5th DCA 1984); Bodine v. State, 452 So.2d 957 (Fla. 5th DCA 1984); Gordon v. State, 454 So.2d 657 (Fla. 5th DCA 1984); Maged v. State, No. 83-1705 (Fla. 5th DCA Sept. 20, 1984) [9 FLW 2010]; See also Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984), section 921.-005, Florida Statutes (1983), and the special concurring opinion in Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984).
We affirm the appealed convictions but vacate the sentence in circuit court case number 79-2719 and remand for sentencing to the presumptive or recommended guideline sentence or to a departure sentence imposed in accordance with the sentencing guidelines.
CONVICTIONS AFFIRMED, SENTENCE VACATED AND REMANDED.
SHARP and COWART, JJ., concur.
DAUKSCH, J., concurs in conclusion only.

. See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983).

. July 1, 1984, is the effective date the original guidelines were amended to cause a violation of probation to become a factor involved in the computation of a presumptive or recommended sentence under the guidelines. See Ch. 84-328, Laws of Florida, and The Florida Bar: Amendment to the Rules of Criminal Procedure (3.701; 3.988 — (Sentencing Guidelines), 451 So.2d 824 (Fla.1984).