458 So.2d 888 (1984)
William F. WHITLOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 84-264.
District Court of Appeal of Florida, Fifth District.
November 15, 1984.
*889 James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth McLaughlin, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Whitlock appeals from his sentence on the grounds that there are no clear and convincing reasons for the trial court's departure, Fla.R.Crim.P. 3.701(d)(11), and that the trial court's departure from the recommended sentence was excessive. We affirm.
Appellant was convicted by a jury of criminal mischief with damages over $11,000.00.[1] On March 30, 1979, he was placed on probation for five years for that offense.
His probation was revoked on November 16, 1979 for the first time because of arrests on forgery charges committed in Putnam County. The judge revoked Whitlock's probation and then reinstated it, adding a condition that he serve six months in the county jail.
While still on probation for the first crime, his probation was revoked a second time on October 21, 1982 because he failed to keep appointments with his probation officer and he was arrested for petit theft.[2] His probation was modified and he was sent to the Probation and Restitution Center and ordered to engage in an educational program. However, on January 6, 1984, Whitlock admitted violating his probation a third time by absconding from the Probation and Restitution Center. The trial judge also found Whitlock failed to pay for his room and board as required by the Center's rules.
Under the Guidelines, Whitlock's presumptive sentence was any non-state prison sanction. However, the trial judge departed from that sentence and imposed a five year prison term. This was an upward departure of four cells beyond the presumptive *890 sentence.[3] The trial judge stated in writing his reasons for departing:
Defendant has had the benefit of probation several times, Probation and Restitution Center twice, and the State Prison once. He will not comply with the conditions of probation and the Court has exhausted the available county jail time.
We think the trial court was justified in departing upwards from the presumptive guideline sentence because Whitlock repeatedly violated the conditions of his probation. Gordon v. State, 454 So.2d 657 (Fla. 5th DCA 1984); Neely v. State, 453 So.2d 129 (Fla. 5th DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
Once there exists clear and convincing reasons to depart from the guidelines, we do not think the appellate courts have jurisdiction to review the extent of the departure, so long as the length of the sentence is one permissible under the criminal statutes.[4] Since Whitlock's crime for which he was convicted carries a maximum sentence of five years, we must affirm. Further, Whitlock does not argue he has not been given sufficient credit for time served in prison.
Accordingly, his sentence is
AFFIRMED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
SHARP, J., concurs in part; dissents in part, with opinion.
SHARP, Judge, concurring in part; dissenting in part.
I agree there existed clear and convincing reasons for the trial court's departure from the guideline sentence. Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984). However, I disagree that we have no further duty to review the extent of the departure. Florida Rule of Criminal Procedure 3.701(b)(3) provides that "the penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense."
The extent of the departure is a matter primarily reserved to the discretion of the trial judge.[1] However, if the exercise of that discretion is not reviewable in any case, unwarranted disparity in sentencing  the elimination of which was a paramount goal of the Guidelines[2]  will not be served. See State v. Schantzen, 308 N.W.2d 484, 485 (Minn. 1981); State v. Roth, 95 N.J. 334, 471 A.2d 370 (N.J. 1984).
In this case, the violation of probation which resulted in the imposition of the appealed sentence was relatively technical in nature. It did not involve the commission of a new criminal offense. Further, there were no other aggravating factors relied upon by the trial court in departing from the guideline sentence. The judge mentioned Whitlock's prior record, but that factor had already been appropriately "scored" on his sentencing sheet,[3] and I do not think it should be used as a basis for departing, despite this court's decisions to the contrary. Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984); Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984); Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984). Cf. Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984). Therefore, I think that a departure four cells beyond the presumptive sentence to the maximum possible sentence allowed by law, was excessive, and I would remand for resentencing.
NOTES
[1] § 806.13, Fla. Stat. (1983).
[2] § 812.014, Fla. Stat. (1983).
[3] The total point range required for such sentences is from 107 to 120. Whitlock's points totaled 34.
[4] Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984).
[1] Fla.R.Crim.P. 3.701(b)(6).
[2] Rule 3.701(b).
[3] He was "scored" thirteen points for his two prior third degree felonies.