464 So.2d 638 (1985)
Heriberto RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-99.
District Court of Appeal of Florida, Third District.
March 5, 1985.
Albert Rosillo, Jr., Miami, for appellant.
Jim Smith, Atty. Gen., and G. Bart Billbrough, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., HUBBART, J., and SHARP, WINIFRED J. (Associate Judge).
PER CURIAM.
The defendant Heriberto Rodriguez appeals from certain sentences imposed outside the sentencing guidelines. See Fla. R.Crim.P. 3.701. He contends that no departures from the sentencing guidelines are permissible where, as here, the sentences are imposed following an order of probation revocation. We must reject this claim based on a well-settled line of authority in this state. Whitlock v. State, 458 So.2d 888 (Fla. 5th DCA 1984); Kimble v. State, 458 So.2d 86 (Fla. 5th DCA 1984); Neely v. State, 453 So.2d 129 (Fla. 5th DCA 1984); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
He further contends that, even if the trial court was permitted to deviate from the sentencing guidelines, it did so impermissibly in this case because it considered the circumstances forming the basis for the probation revocation herein, to *639 wit: an auto theft. We cannot agree. Although former Fla.R.Crim.P. 3.701(d)(11)  applicable here, but since amended  precludes a trial court from considering factors relating to the "instant offense," plainly the instant offense on which a probation revocation sentence is imposed is the offense for which the defendant was originally found guilty and placed on probation. § 948.06(1), Fla. Stat. (1984) ("If probation ... is revoked, the court shall adjudge the probationer ... guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation... ."). Indeed, the sentences in this case were, in fact, imposed on the original offenses for which the defendant had been placed on probation. The circumstances forming the basis for revoking the defendant's probation and imposing sentence did not constitute, as urged, a separate offense on which a separate sentence could be imposed, and, accordingly, the trial court properly considered such circumstances as a basis for departing from the sentencing guidelines in this cause.
Affirmed.