FRANK D. UPCHURCH, Jr., Judge.
William Browning appeals from a judgment and sentence for burglary. Browning contends that the trial court committed reversible error in departing from his presumptive sentence under the guidelines[1] without giving a written reason for departure. We agree.
On September 19, 1983, Browning was charged with a burglary which had occurred on July 23,1983. He entered a plea of guilty to the charge and, on January 20, 1984, was placed on probation for one year.
On April 20, 1984, an affidavit was filed alleging that Browning had violated his probation by committing another burglary and petit theft and by failing to remain confined to his residence as required by the order of probation. At the hearing held on June 20, 1984, the court found that Browning had violated his probation. He was adjudicated guilty and sentenced under the guidelines. Browning’s recommended sentence was any non-state prison sanction. He was instead sentenced as a youthful offender to five years in the custody of the Department of Corrections. Defense counsel objected to this sentence and argued that at the most, the court could sentence Browning to twelve to thirty months incarceration (the next highest cell) as a youthful offender based on the violation of probation. The court then set aside the youthful offender sentence and sentenced Browning to thirty months incarceration in an adult institution.
This court has repeatedly held that as to a sentence imposed before July 1, 1984,[2] in the exercise of judicial sentencing discretion and when articulated in writing as required by Florida Rule of Criminal Procedure 3.701, a violation of probation may serve as a clear and convincing reason for a departure from the guideline sentence. Kimble v. State, 458 So.2d 86 (Fla. 5th DCA 1984); Gordon v. State, 454 So.2d 657 (Fla. 5th DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984). Here, Browning violated his probation, but the violation was not given as a reason for departure on either the scoresheet or at the sentencing hearing. Accordingly, we affirm the conviction, but vacate the sentence and remand for resentencing.
The state’s arguments to the effect that remand is unnecessary lack merit. *1359 First, the state argues that resentencing would be a futile act because the amendment to' rule 3.701 allowing for a one cell upward departure based on a violation of probation without the need for a written reason would apply on remand. In Saunders v. State, 459 So.2d 1119 (Fla. 1st DCa 1984), the First District rejected this argument, stating that the defendant is entitled to be resentenced under the guidelines in effect at the time the sentence being reviewed was imposed.
The state also contends that the reason for the departure from the guideline sentence was clearly the violation of probation. Rule 3.701(d)(ll) provides that any sentence outside the guidelines must be accompanied by a statement delineating the reasons for departure. This court has held that an oral explanation in the record by the trial court of the reasons for departing from the sentencing guidelines is sufficient to meet the requirements of rule 3.701(d)(11). Bell v. State, 459 So.2d 478 (Fla. 5th DCA 1984); Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984); Hackney v. State, 456 So.2d 1209 (Fla. 5th DCA 1984). And, in Neely v. State, 453 So.2d 129 (Fla. 5th DCA 1984), this court held that violation of probation was a sufficient reason to exceed the presumptive sentencing guideline range where the reasons given by the trial court on the scoresheet were “tantamount” to the statement required by rule 3.701.
In the present case, the court did not state that the reason for departure was Browning’s violation of probation. While it is reasonable to assume that the violation of probation played a part in sentencing, it is also possible that the court sentenced Browning to incarceration for the purposes of rehabilitation as that appears to have been the motivation in originally sentencing Browning as a youthful offender. Since there were no oral statements or reasons expressed by the trial court which were tantamount to the statement required by rule 3.701(d)(ll), the cause must be remanded for resentencing.
Conviction AFFIRMED; sentence VACATED and cause REMANDED for resen-tencing.
COBB, C.J., and SHARP, J., concur.

. Fla.R.Crim.P. 3.701.

. In February, 1984, the Sentencing Guidelines Commission amended rule 3.701(d) to read as follows:
The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next highest cell (guideline range) without requiring a reason for departure.
The Florida Bar: Amendment to Rules of Criminal Procedure (3.701; 3.988-Sentencing Guidelines, 451 So.2d 824 (Fla.1984). This amendment was adopted by the Florida Supreme Court on May 8, 1984, but did not become effective until July 1, 1984, upon adoption by the Legislature. Ch. 84-328, Laws of Fla.; § 921.001(4)(b), Fla.Stat. (1983); Kimble, 458 So.2d at 87, n. 2.