479 So.2d 138 (1985)
Claude McNealy, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 85-504.
District Court of Appeal of Florida, Second District.
October 16, 1985.
Rehearing Denied December 5, 1985.
James Marion Moorman, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
*139 CAMPBELL, Judge.
Appellant appeals the trial court's order revoking his probation and his sentence of three-and-one-half years in prison. We affirm.
He raises four points on appeal:
I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT APPELLANT HAD VIOLATED PROBATION BY CHANGING ADDRESS WITHOUT PERMISSION, WHERE THE ONLY EVIDENCE PRESENTED WAS HEARSAY?
II. WHETHER THE TRIAL COURT ERRED IN FINDING THAT APPELLANT HAD VIOLATED PROBATION BY FAILING TO PAY THE COSTS OF SUPERVISION, WHEN THERE WAS NO SHOWING SUCH FAILURE TO PAY WAS WILLFUL OR THAT APPELLANT HAD THE ABILITY TO PAY?
III. WHETHER THE TRIAL COURT ERRED IN SENTENCING UNDER THE GUIDELINES WITHOUT OBTAINING AN AFFIRMATIVE REQUEST BY APPELLANT?
IV. WHETHER THE TRIAL COURT ERRED IN AUTOMATICALLY ENHANCING A GUIDELINE SENTENCE BY ONE CELL BECAUSE OF A VIOLATION OF PROBATION, WHERE SUCH ACTION CONSTITUTED A RETROACTIVE APPLICATION OF AMENDED RULE 3.701(d)(14)?
The attorney general, on behalf of appellee, conceded appellant's first point by stating that the alleged violation of condition (3) of appellant's probation "was based solely on hearsay evidence and cannot be sustained." That concession is improper, ill-advised, and we refuse to accept it.
Condition (3) of appellant's probation required appellant not to change addresses without permission. Appellant's probation officer testified that she went to appellant's residence on several occasions and could never find him. On her last visit there, appellant's brother informed her that appellant no longer lived there and had no idea where he was. The brother's statement is hearsay, but the probation officer's testimony that she went to his place of residence several times and could never find him is not hearsay. Neither is her testimony that when she went to jail to interview him after he turned himself in and asked him why he left and where he had been, appellant informed her he had just been messing around Lakeland. When asked where he had been living, he "just said in Lakeland." Hearsay is admissible in a revocation hearing. The well-established rule is that revocation cannot be based on hearsay alone. Clayton v. State, 422 So.2d 83 (Fla. 2d DCA 1982); Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976); Brown v. State, 338 So.2d 573 (Fla. 2d DCA 1976). In this case, revocation of probation for violation of condition (3) was not based solely on hearsay.
There is evidence that appellant was employed from time to time during his probation, yet he failed to ever pay any of the costs of supervision. Appellant's second point is, therefore, not well taken.
Appellant's attorney not only requested that a guidelines scoresheet be prepared, he objected to the first one and requested that a corrected scoresheet be prepared. This was done and there was considerable discussion between the trial judge and appellant's attorney, with appellant present, as to the new guideline scoresheet and the presumptive sentence thereunder. We reject appellant's third point on appeal.
Appellant's fourth and final point concerns enhancing a guideline sentence automatically by one cell without stating a reason because of a violation of probation as provided in Florida Rule of Criminal Procedure 3.701(d)(14), as amended, effective July 1, 1984. Appellant argues that the court applied the amendment retroactively because appellant's crime occurred prior to the effective date of the amendment. *140 Appellant relies on Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
Carter stands for the correct principle that a rule amendment should not be retroactive, but Carter is inapplicable here. Appellant's crime was committed prior to October 1, 1983, the date on which guideline sentences became operative. The affidavit for violation of probation was filed August 31, 1984, and appellant was sentenced February 26, 1985, when he elected to be sentenced under the guidelines. Carter, therefore, does not apply to a crime committed prior to October 1, 1983, where the election to be sentenced pursuant to the guidelines occurs after the effective date of any of the applicable guideline rule amendments.
Affirmed.
OTT, A.C.J., and FRANK, J., concur.