481 So.2d 100 (1986)
Lawrence Manning SPIVEY, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 84-2545, 84-2576.
District Court of Appeal of Florida, Third District.
January 7, 1986.
Bennett H. Brummer, Public Defender, and Sam W. Kleinfeld, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Michael J. Niemand and G. Bart Billbrough, Asst. Attys. Gen., for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
This is an appeal from a probation revocation order and a series of sentences totaling fifteen years imprisonment. We find no merit in any of the points raised on appeal with reference to the probation revocation order and summarily affirm said order without further discussion. However, we reverse the sentences imposed herein and remand the cause to the trial court with directions to resentence the defendant. We reach the latter conclusion based on the following, briefly stated legal analysis.
First, the trial court departed from the sentencing guidelines established by Fla.R. Crim.P. 3.701 when it imposed sentences totaling fifteen years imprisonment inasmuch as the guidelines scoresheet prepared in the cause called for a sentence of 12-30 months imprisonment. Second, the trial court gave, in effect, three reasons for departing from the sentencing guidelines, only one of which constitutes a clear and convincing reason for departing from said guidelines  namely, that the defendant violated his probation by committing two new offenses within one month of being placed on probation and has thereby shown that he cannot live by the rules of society. See, e.g., Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984); see generally Mischler v. State, 458 So.2d 37, 41 nn. 7, 14 (Fla. 4th DCA 1984). Third, the state concedes that the trial judge gave two other invalid reasons which are unsupported by the record for departing from the sentencing guidelines, namely, that the defendant lied while testifying at the probation revocation hearing and has shown no *101 remorse for his crimes. Trainor v. State, 468 So.2d 484, 485-86 (Fla. 2d DCA 1985); Sarvis v. State, 465 So.2d 573, 576 (Fla. 1st DCA 1985). Fourth, the state has failed to establish beyond a reasonable doubt that the absence of the invalid reasons, stated above, would not have affected the departure sentence. Stated differently, the state has failed to establish beyond a reasonable doubt that the two invalid reasons herein did not affect the trial court's decision to (a) depart from the guidelines and (b) impose sentences totaling fifteen years imprisonment, as opposed to above-the-guidelines sentences totaling less than fifteen years imprisonment. See Albritton v. State, 476 So.2d 158, 160 (Fla. 1985).
The probation revocation order is affirmed. The sentences imposed are reversed and the cause is remanded to the trial court with directions to resentence the defendant.
Affirmed in part; reversed in part and remanded.