HERSEY, Chief Judge.
Upon revocation of appellant’s probation for intentionally running over one Greyson with his car, he elected to be sentenced under the guidelines. The sentence of five years in prison represents a four-category departure from the “any nonstate prison sanction” presumptive sentence justified by appellant’s thirty-three points, and he appeals.
Four reasons were given in the “order of departure” entered by the trial court. The first was:
The Court finds that the primary purpose of sentencing is to punish the offender, as stated in F.R.Cr.P. 3.701(b)(2), and the Court find that the punishment recommended by the guidelines is not adequate for this defendant based on his prior convictions. Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984).
The parties correctly agree that, pursuant to our supreme court’s recent decision in Hendrix v. State, 475 So.2d 1218 (Fla.1985), appellant’s prior convictions could not be used as a basis for departing from the guidelines.
The second reason for departure was stated as follows:
The Court finds that the defendant violated his probation in the instant case and that a violation of probation is a clear and convincing reason for departure from a guideline sentence. Browning v. State, 465 So.2d 1357 (Fla. 5th DCA 1985).
Amended rule 3.701 d.14, which took effect July 1, 1984, provides that a trial judge, in imposing a sentence following revocation of probation, may increase the sentence only one category without additional reasons for departure. See Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985); *536 Lorenzo v. State, 483 So.2d 790 (Fla. 4th DCA 1986) (citing Boldes with approval). Therefore, the fact that appellant was sentenced following a probation violation did not in itself allow the trial judge to depart from the guidelines to the extent that he did; we therefore must consider whether the additional reasons given were sufficient to permit the departure.
Thirdly, the trial court found that:
[T]his defendant, having been on probation before and having been sentenced to the state prison before, is not amenable to probation, and the sentence recommended by the guidelines, not being adequate, would not serve the ends of justice.
We glean from the record indications that the trial judge was under the mistaken impression that he could not sentence appellant to prison unless he departed from the guidelines, whereas in fact he could have imposed a sentence of up to thirty months in prison without giving reasons for departing, due to the fact that appellant was sentenced following revocation of probation. See Fla.R.Crim.P. 3.701 d.14. When the trial judge is under a mistaken impression such as this at the time he imposes sentence, the better practice is to remand for reconsideration by the trial judge as to whether, being advised of his misinterpretation, he still would have found departure necessary and, if so, to what extent. See Bradley v. State, 468 So.2d 378 (Fla. 1st DCA 1985), aff'd, 485 So.2d 1285 (Fla.1986); Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA), rev. denied, 476 So.2d 675 (Fla.1985).
As its final reason for departure, the trial court stated:
The Court finds that the above reasons, standing alone, are adequate, clear and convincing reasons to depart from the guidelines, however, the Court also finds that the violence used in the act that caused the violation of probation was of such a nature and to such an extreme as to also provide a clear and convincing reason to depart from the guidelines.
Appellant contends that the level of violence involved could not be properly considered by the trial court because it relates not to the offense for which he was sentenced — the grand theft committed in 1982 —but to the 1985 offense on which his revocation of probation was based.
The case of Rodriquez v. State, 464 So.2d 638 (Fla. 3d DCA 1985), which is directly on point, is contrary to appellant’s position. In Rodriguez the defendant was convicted and placed on probation. His probation was later revoked when he committed auto theft. The court found the trial court properly considered the circumstances surrounding the auto theft in departing from the guidelines in sentencing appellant for the original offense because:
Although former Fla.R.Crim.P. 3.701(d)(11) — applicable here, but since amended — precludes a trial court from considering factors relating to the “instant offense,” plainly the instant offense on which a probation revocation sentence is imposed is the offense for which the defendant was originally found guilty and placed on probation. § 948.-06(1), Fla.Stat. (1984) (“If probation ... is revoked, the court shall adjudge the probationer ... guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation_”). Indeed, the sentences in this case were, in fact, imposed on the original offenses for which the defendant had been placed on probation. The circumstances forming the basis for revoking the defendant’s probation and imposing sentence did not constitute, as urged, a separate offense on which a separate sentence could be imposed, and, accordingly, the trial court properly considered such circumstances as a basis for departing from the sentencing guidelines in this cause.
Id. at 639. We conclude, as did the court in Rodriguez, that the trial court properly considered the nature of the violence used by appellant in committing the offense *537 which provided the basis for revocation of his probation. See also Spivey v. State, 481 So.2d 100 (Fla. 3d DCA 1986) (that defendant committed two offenses within a month of being placed on probation was valid reason for departure from guidelines in sentencing him following revocation of probation).
Because three of the reasons given by the trial court are invalid, leaving only one valid reason, we are required to determine whether the state has shown “beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence.” Albritton v. State, 476 So.2d 158, 160 (Fla.1985). In the absence of such a showing, the case must be reversed and remanded for resentencing. Albritton. The state contends that it has met this burden, because of the trial judge’s comment that “It’s a wonder he’s not charged with murder. It’s just lucky. It wasn’t his fault he’s not charged with it. You just can’t go down, call somebody out of a bar and then run over them. You know, society can’t tolerate that.”
We are not convinced that these comments are sufficient to show beyond a reasonable doubt that appellant’s sentence would have been the same had it been based only on the violence of the aggravated battery. First, violence was only one of four reasons relied upon for departure. In Wiggins v. State, 476 So.2d 257 (Fla. 4th DCA 1985), this court remanded for resen-tencing under Albritton on the basis that half of the six reasons given by the trial court were invalid. Similar reasoning would seem to apply here. Second, as discussed above, the trial judge was apparently under the mistaken impression that he could not impose a jail sentence without departing from the guidelines. Finally, the judge stated in his order of departure that each of the other three reasons “standing alone” would support his departure from the guidelines, but did not make this statement as to the fourth reason, violence used in the aggravated battery. The court merely said that it was an additional reason for departure. This indicates that the judge may not have intended that the fourth reason, standing alone, would be sufficient to support the sentence. In any event, these factors together create enough doubt to require that appellant be given an opportunity to have the trial judge reconsider his sentence without taking into account the invalid reasons for departure.
Accordingly, we reverse and remand for resentencing.
REVERSED AND REMANDED.
WALDEN and GUNTHER, JJ., concur.