HERSEY, Chief Judge.
The day after appellant was released on probation after serving a prison term for various convictions of theft, he committed the offenses at issue here, i.e., sexual battery, kidnapping, robbery and burglary. Appellant’s trial was interrupted by a declaration of mistrial; however, the trial court continued to take evidence on the charge of violation of probation, as a result of which appellant’s probation was revoked.
The sentencing guidelines scoresheet provided for a presumptive sentence of any non-state prison sanction. Departing from the guidelines, the court sentenced appellant to one year for fraudulent use of a credit card, one year for grand theft, and five years for theft of a credit card, all sentences to run consecutively. The total sentence represented a six cell departure from the presumptive sentence.
Violation of probation is a sufficient basis for upward departure to the next higher cell without requiring a written statement of reasons. Fla.R.Crim.P. 3.701d.l4. Departure greater than a one cell increase is also permissible, but must be supported by reasons other than the fact of violation of probation. Rodriguez v. State, 464 So.2d 638 (Fla. 3d DCA 1985). See also Spivey v. State, 481 So.2d 100 (Fla. 3d DCA 1986); Proctor v. State, 480 So.2d 160 (Fla. 1st DCA 1985); Monti v. State, 480 So.2d 223 (Fla. 5th DCA 1985).
The court gave the following as “reasons for departure” in sentencing Mackey:
The violations were substantive: i.e., armed sexual battery; armed kidnapping; armed robbery; and burglary (dwelling) — the offenses were cunningly pre-meditated and evidenced malice and complete disregard for the law and probation conditions — protection of society.
While the record may support a departure of more than one cell, the stated reasons are not sufficiently specific to do so. The term “substantive” used in this context is at least ambiguous, and the remainder of the statement is simply too vague to permit analysis of specific bases for departure.
While circumstances forming the basis for revocation of probation may constitute valid reasons for departure, Rodriguez, 464 So.2d at 638, 639, those circumstances must be translated by the trial court into a written statement containing reasons that are supportive of departure. A reason, such as “no pretense of moral or legal justification for the offense,” which has been rejected as a valid basis for departure in another context (see Burch v. State, 462 So.2d 548 (Fla. 1st DCA), affirmed, 476 So.2d 663 (Fla.1985)), is equally objectionable as a reason for departure in the violation of probation context.
We reverse the sentence and remand for resentencing to permit the trial court either to make a more explicit statement of reasons to justify the original departure sentence or to resentence the appellant with no more than a one cell upward departure from the presumptive guidelines sentence.
REVERSED AND REMANDED.
WALDEN, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.