508 So.2d 1313 (1987)
Tony D. ROYAL, Appellant,
v.
STATE of Florida, Appellee.
No. 86-428.
District Court of Appeal of Florida, Second District.
June 19, 1987.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Appellant contends that the written order revoking his community control does not conform with the oral pronouncement at sentencing. We have examined the record and agree. We therefore remand with instructions to amend the written order of revocation of community control to show a violation of condition (11) (remain confined at approved residence) only. Sampson v. State, 375 So.2d 325 (Fla. 2d DCA 1979). We find that a violation of condition (11) under the facts and circumstances of this case to be a substantial violation that justifies revocation.
Appellant also challenges the trial court's departure from the sentencing guidelines. The recommended guidelines *1314 sentence in this case was community control or twelve to thirty months in prison. However, the court sentenced appellant to fifteen years in prison and submitted written reasons for departure.
The first reason for departure was that appellant had committed another offense (grand theft) while on "probation". This is an improper reason because no conviction had yet been obtained for that offense. See Fla.R.Crim.P. 3.701(d)(11) and Hudson v. State, 504 So.2d 2 (Fla. 2d DCA 1986).
The second reason given by the court for departure was that appellant had demonstrated an inability to successfully complete community control. This is an invalid reason for departure, although it is cause for one cell enhancement not requiring written reasons. See Fla.R.Crim.P. 3.701(d)(14) and Isgette v. State, 494 So.2d 534 (Fla. 4th DCA 1986).
Accordingly, we remand the order of revocation of community control for correction as specified, vacate the sentence and remand for resentencing within the guidelines.
CAMPBELL, A.C.J., and HALL, J., concur.