719 So.2d 972 (1998)
Calvin GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0330.
District Court of Appeal of Florida, Fourth District.
October 21, 1998.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
The trial court revoked appellant's probation for four reasons: (1) failing to pay supervision costs; (2) changing residences without permission; (3) failing to be evaluated for drug rehabilitation program; and (4) possessing cannabis. He appeals on the ground that the first three violations were based solely on hearsay. Kiess v. State, 642 So.2d 1141 (Fla. 4th DCA 1994). He asks us to reverse and remand for the trial court to consider whether to revoke for the sole remaining violation of cannabis possession. The state concedes that three of the four reasons were improperly based only on hearsay, but urges us not to remand for consideration of whether the remaining reason supports revocation because the first three reasons were insubstantial in relation to the possession violation.
In Wilson v. State, 506 So.2d 1170 (Fla. 3d DCA 1987), probation was revoked for failing to file monthly reports, commission of grand theft, and dealing in stolen property. Although the third district found that the stolen property charge could not be sustained, it affirmed the other two grounds and concluded that it was not necessary to remand the case for reconsideration of revocation because it was convinced that neither the revocation nor the sentence imposed would have been affected by the deletion of the one ground.
In this case, the drug possession ground was by far the most serious ground for revoking, and we have concluded, as the court did in Wilson, that there is no reason to remand. We therefore affirm, but only on the drug possession.
WARNER, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.