PER CURIAM.
We affirm the revocation of probation, but remand to the trial court for the entry of a written order. See Babb v. State, 720 So.2d 1168 (Fla. 4th DCA 1998); Bingham v. State, 719 So.2d 1032 (Fla. 3d DCA 1998). The probation officer’s testimony *548 was sufficient for the trial court to conclude that appellant had changed his residence without his probation officer’s permission. See McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988); McNealy v. State, 479 So.2d 138 (Fla. 2d DCA 1985). Cito v. State, 721 So.2d 1192 (Fla. 2d DCA 1998), relied upon by appellant, is distinguishable. In Cito, the only evidence of the violation was the probation officer’s testimony that the probationer’s mother did not know where he was; there was no evidence, as in this case, that the officer could not make contact with the probationer after- visiting the residence numerous times and leaving several messages which were never answered.
Affirmed and remanded for entry of a written order.
KLEIN, GROSS and HAZOURI, JJ., concur.