DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY M. DELOPA**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-1852

[July 25, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502011CF000848AXXXMB.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

After entering a guilty plea for burglary of a structure and grand theft, the circuit court sentenced the Defendant to drug-offender probation. The Department of Corrections later alleged six violations of probation. The court held an evidentiary hearing and concluded the Defendant violated his probation by: bringing in someone else's urine to defraud the drug test; violating his curfew; changing his address without consent; and committing burglary of his grandmother's dwelling.

Now appealing the court's order of revocation of probation, the Defendant argues the court impermissibly found that he violated probation by violating his curfew and changing his residence without permission. We agree that, based on the evidence presented, the court abused its discretion in finding the Defendant changed his address without permission. We nevertheless affirm the court's order for other reasons, as stated below.

Probation cannot be revoked solely based on hearsay. *Hall v. State*,

744 So. 2d 517, 520–21 (Fla. 3d DCA 1999). While hearsay is admissible at a revocation of probation hearing, *Russell v. State*, 982 So. 2d 642, 646 (Fla. 2008), it must be corroborated by non-hearsay evidence, *J.F. v. State*, 889 So. 2d 130, 131–32 (Fla. 4th DCA 2004).

Here, the probation officer testified that she spoke to a person who said the Defendant no longer resided in the apartment. The State presented no additional evidence to support the violation. The probation officer did not testify, for example, that in addition to visiting the residence several times, she called the Defendant and left unanswered messages. *Mosley v. State*, 735 So. 2d 547, 548 (Fla. 4th DCA 1999). Nor was there any evidence that the Defendant admitted to changing his address. *McNealy v. State*, 479 So. 2d 138, 139 (Fla. 2d DCA 1985). With only hearsay evidence of the change of address, the State failed to prove the violation.

Despite our conclusion about the change of address violation, we affirm the court's order because the remaining violations, including the burglary of his grandmother's dwelling, were enough to revoke probation. *See Griffin v. State*, 719 So. 2d 972, 972 (Fla. 4th DCA 1998); *Wilson v. State*, 506 So. 2d 1170, 1170 (Fla. 3d DCA 1987). On remand the circuit court should correct the order to reflect that the State did not prove the change of address violation.

*Affirmed with instructions.*

TAYLOR and MAY, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2