PER CURIAM.
The sole issue on appeal is whether the trial court erred in calculating the defendant’s sentence under the sentencing guidelines, Rule 3.701, Florida Rules of Criminal Procedure.
*52 The defendant pled guilty to burglary of a dwelling and was placed on probation. He subsequently pled nolo contendere to violations of that probation and elected to be sentenced under the sentencing guidelines, specifically reserving the right to appeal the calculation of points under the guidelines.
The trial court revoked defendant’s probation, adjudicated him guilty of burglary of a dwelling and sentenced him to 30 months’ incarceration. The court calculated that the defendant should be charged with 71 points, arrived at by charging 30 points for the primary offense of burglary of a dwelling, a second degree felony; 18 points for a prior record of a single second degree felony (the burglary to which defendant had pled guilty); 5 points for a prior conviction for a category 5 offense (the burglary); a total of 8 points for a prior record of a third degree felony and two misdemeanors; and 10 points for legal constraint at the time of the offense (the probation).
It is the defendant’s contention on appeal, as it was in the trial court, that the trial court erred in charging him with other than the 30 points for the primary offense. The state acknowledges that the defendant was incorrectly charged with 18 points for a prior record; 5 points for a prior conviction for a category 5 offense; and 10 points for legal constraint at the time of the offense. With the exception of the defendant’s challenge to the 8 points scored for prior record of a third degree felony and two misdemeanors, which calculation does not appear from the record to be erroneous, we find that the defendant’s contention has merit. Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984); Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984); § 921.-001(4)(a), Fla.Stat. (1983).
Therefore, in accordance with the law and the state’s concession of error, we vacate the sentence imposed and remand the case to the trial court for resentencing.
Sentence vacated and case remanded.