464 So.2d 211 (1985)
Bobby Floyd TUCKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-561.
District Court of Appeal of Florida, Third District.
February 19, 1985.
*212 Bennett H. Brummer, Public Defender and Marti Rothenberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
BARKDULL, Judge.
By this appeal we are called upon to review an order revoking probation and sentencing the appellant to a total of ten years upon two convictions. The appellant urges error in that there was no willful showing of violation of probation terms. The record is to the contrary. Kord v. State, 361 So.2d 800 (Fla. 3d DCA 1978). The appellant contends that the trial court cannot use the probation violation as a reason for aggravating his sentencing under the application guidelines. We do not agree. A trial court is justified in using the probation violation as a reason for enhancing a sentence. Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
The appellant also complains that the trial court, while articulating his reason in the record for aggravating a sentence, failed to enter a written order reflecting these reasons. We do not find this error. As long as the reasons are articulated in the record, if the aggravation is otherwise valid, the trial court will be affirmed. See and compare Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984); Harvey v. State, 450 So.2d 926 (Fla. 4th DCA 1984); Pimentel v. State, 442 So.2d 228 (Fla. 3d DCA 1983).
The last error urged for reversal is an erroneous calculation in the addition of the points to be charged against the appellant for purposes of considering the minimum-maximum sentence to be accorded, and thereby having an erroneous base upon which the trial court exercised its discretion in aggravating the total sentence. We find that although no objection was made at the time of sentencing, this error as to arithmatic miscalculation may be raised for the first time on appeal, State v. Rhoden, 448 So.2d 1013 (Fla. 1984); Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984); Brumley v. State, 455 So.2d 1096 (Fla. 5th DCA 1984), and that considering the admitted erroneous calculation, the sentence be and the same is hereby vacated and set aside and the matter is returned to the trial court for a resentencing after a new computation in accordance with the sentencing guidelines statute, Section 921.001(5), Florida Statutes (1983), and the applicable authority. Upon such remand, the trial court may, at its discretion, impose anything from the minimum sentencing *213 required under the guidelines to a total of ten years.
Reversed and remanded with directions.