470 So.2d 75 (1985)
Bernard Eugene HIGGS, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2331.
District Court of Appeal of Florida, Third District.
June 4, 1985.
*76 Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Jacki B. Geartner, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
HENDRY, Judge.
Appellant pleaded guilty to charges of grand theft and burglary. He was adjudicated guilty and placed on probation for a total of three years, for both offenses. Several months later, appellant was charged by information with another burglary. An affidavit of probation violation was filed, alleging that appellant had failed to pay costs of supervision, and had committed the offenses of burglary and trespass while on probation. Following a hearing, the trial court revoked appellant's probation and sentenced him under the sentencing guidelines, Fla.R.Crim.P. 3.701, to two concurrent five year sentences of imprisonment. This appeal is taken from the order revoking probation and imposing sentence.
It is contended, first, that the trial court erred in finding that appellant had failed to pay supervision costs and, second, that the trial court erred in sentencing appellant to an enhanced sentence where the court expressly relied upon a miscalculated recommended sentence under the guidelines. We find merit in both of these contentions.
The finding in the order under review that appellant failed to pay supervision costs is stricken as being unsupported by the evidence. Edwards v. State, 439 So.2d 1028 (Fla. 3d DCA 1983). We note, however, that appellant does not challenge, and we shall not disturb, the revocation of probation, since it is supported by the showing of two additional substantial violations of probation. Edwards v. State, 439 So.2d at 1029.
Regarding appellant's second contention, it is clear that a trial court may properly use a probation violation as a reason to enhance a defendant's presumptive sentence established under the sentencing guidelines. Tucker v. State, 464 So.2d 211 (Fla. 3d DCA 1985); Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984); Fla.R.Crim.P. 3.701(d)(14). However, this court held in Tucker v. State, 464 So.2d at 212, which we now follow, that an incorrectly calculated minimum-maximum sentence range under the guidelines constitutes an erroneous base upon which the trial court exercises its discretion in aggravating the sentence, and requires reversal for resentencing, even in the absence of a contemporaneous objection. In the instant case, the appellant objected to the inclusion of 20 points in his score under the guidelines for being under "legal constraint" at the time of the offense(s) for which he was being sentenced, i.e., the grand theft and burglary. It is established that a defendant being sentenced upon revocation of his probation was not under legal constraint at the time he committed the offenses which gave rise *77 to his probation and for which he is being sentenced. Daniels v. State, 462 So.2d 51 (Fla. 3d DCA 1984); Burke v. State, 460 So.2d 1022 (Fla. 2d DCA 1984); Carter v. State, 452 So.2d at 954.
Accordingly, the order revoking probation is affirmed, as modified by striking the finding relative to supervision costs; the sentence imposed is vacated and the cause remanded for resentencing. The appellant need not be present for the imposition of the corrected sentence.
Affirmed in part, as modified; reversed in part, and remanded.