PER CURIAM.
We find no error in the trial court’s upward departure from the sentencing guidelines recommended range which was based on the scores submitted by the state and the defense, notwithstanding the discrepancy between the parties’ calculations. It is clear from this record that the trial court considered a multitude of factors prior to the establishment of the sentence ultimately imposed. Unlike Tucker v. State, 464 So.2d 211 (Fla. 3d DCA 1985), and Higgs v. State, 470 So.2d 75 (Fla. 3d DCA 1985), here the trial court considered both the state’s and defendant’s submissions as a base and properly went outside those limits. The five-year sentence Gonzalez received is supported by the trial court’s observation that the defendant was on probation for four burglaries at the time he committed the new offense, yet another burglary. See Steiner v. State, 469 So.2d 179 (Fla. 3d DCA 1985), and cases cited therein.
The sentences imposed are accordingly affirmed.
BARKDULL and JORGENSON, JJ., concur.