481 So.2d 1269 (1986)
Phillip Karl GISSINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1769.
District Court of Appeal of Florida, Fifth District.
January 16, 1986.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Division, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals from the sentences imposed under the guidelines, Fla.R. Crim.P. 3.701, for the crimes of aggravated child abuse[1] and resisting an officer without violence.[2] He argues that the guidelines scoresheet used to compute the recommended sentence was erroneous because it included 24 points for his legal status at the time of the offense. We affirm.
The defendant committed the second degree felony offense of aggravated child abuse in 1982 and was placed on probation. In November of 1984, while still on probation, the defendant was charged with resisting an officer with violence. § 843.01, Fla. Stat. (1983). Based on a plea agreement with the State, the defendant pleaded guilty to the crime of resisting an officer without violence, a misdemeanor, and also pleaded guilty to violation of his earlier probation. The court revoked his probation and sentenced defendant to six years' imprisonment on the aggravated child abuse (the primary offense), and one year concurrent on the additional misdemeanor offense, based on a scoresheet total of 184 points. *1270 The trial court stated that there was no basis for departure.
The earlier conviction for aggravated child abuse was scored as the "primary offense" because it was the offense which, when scored on the scoresheet, recommended the most severe sanction. Fla.R. Crim.P. 3.701(d)(3). The misdemeanor conviction for resisting an officer without violence was scored as an "additional offense at conviction." Fla.R.Crim.P. 3.701(d)(4). In computing the total score, defendant was assessed 24 points because, as the State successfully argued, he was under legal constraint at the time he committed the additional offense. Defendant argues that because the aggravated child abuse was the primary offense at conviction, and because he was under no legal constraint at the time he committed that crime, these 24 points should not have been assessed, and that his total score would then be 160 points, with a presumptive sentence of 3 1/2 to 4 1/2 years, two cells lower than the one under which he was sentenced.
Rule 3.701 subd. d subd. 6 does not clearly state whether "legal status at time of offense" refers to only the primary offense or to any offense at conviction, but a review of the purpose and intent of the sentencing guidelines points to the latter rather than the former. The stated purpose of the guidelines is to establish a uniform set of standards to guide the trial judge and to eliminate unwarranted variation in the sentencing process. Fla.R.Crim.P. 3.701(b); Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Only one scoresheet is prepared for each defendant covering all offenses pending before the court for sentencing. Fla.R. Crim.P. 3.701(d)(1); Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985). A sentence must be imposed for each offense, although the total sentence cannot exceed the total guidelines sentence absent a written reason for departure. Fla.R.Crim.P. 3.701(d)(12). Where multiple convictions are involved, to determine the primary offense at conviction, a guidelines scoresheet is prepared showing each offense as the "primary offense," and that scoresheet which recommends the most severe sanction is the one to be utilized for sentencing. Fla.R.Crim.P. 3.701(d)(3).
With these basic precepts in mind, and because the rule does not indicate otherwise, we conclude that legal status at time of offense should be scored for any offense for which the defendant is being sentenced. It would not promote uniformity in sentencing if one defendant could avoid the points for legal constraint because he committed a less serious crime while on probation for an earlier, more severe crime, while another defendant who committed the identical crimes, only in reverse order, would receive the points for legal constraint. That would produce incongruous results in cases which should be treated alike. Moreover, since another stated purpose of the guidelines is to increase the severity of the sanctions as the length and nature of the defendant's criminal history increases, Rule 3.701(b)(4), to adopt the defendant's argument would permit a defendant to violate his probation with no additional points being scored when his probation is revoked after he commits a second crime, merely because his first crime was the more serious. Uniformity is promoted and disparity in sentencing is avoided if a defendant is scored points for legal constraint as it applies to any offense for which he is being sentenced.[3]
Cases relied on by defendant[4] are inapposite, because in all those cases, it appears that the defendants were being sentenced only for the original crimes for which they had been placed on probation. Nothing in those opinions indicates that the defendants *1271 were being sentenced for additional crimes at the same time.
AFFIRMED.
COBB, C.J., and COWART, J., concur.
NOTES
[1] § 827.03(3), Fla. Stat. (1983).
[2] § 843.02, Fla. Stat. (1983).
[3] We are not confronted with, and thus do not decide the question of whether, after scoring points for legal constraint, a trial judge may also increase the sentence by one cell pursuant to Rule 3.701(d)(14). Cf. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
[4] Higgs v. State, 470 So.2d 75 (Fla. 3d DCA 1985); Daniels v. State, 462 So.2d 51 (Fla. 3d DCA 1984); Burke v. State, 460 So.2d 1022 (Fla. 2d DCA 1984); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).