512 So.2d 290 (1987)
Willie Lee STOKES, Appellant,
v.
STATE of Florida, Appellee.
No. BP-50.
District Court of Appeal of Florida, First District.
September 9, 1987.
Michael E. Allen, Public Defender, David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
The trial court erred in sentencing appellant beyond the guidelines range without entering written reasons for the *291 departure. A defendant is entitled to the benefits of a uniform scoresheet and contemporaneous concurrent sentencing when his cases are pending before a judge for sentencing. Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985). Here, appellant's armed robbery case was pending for sentencing before the trial judge as was the case in which he had been found guilty of violation of probation (VOP). One guidelines scoresheet was prepared, scoring appellant for his primary offense of armed robbery, and for his secondary offense as to which he became subject to sentence because of his VOP, resulting in a recommended range of six years. The trial judge sentenced appellant to five years for the underlying offense in the VOP case, and imposed a consecutive three year sentence in the robbery case. In so doing, he erroneously departed from the guidelines without providing written reasons. See Carter v. State, 483 So.2d 740, 741 (Fla. 5th DCA 1986); Gissenger v. State, 481 So.2d 1269, 1270 (Fla. 5th DCA 1986); compare Nelson v. State, 498 So.2d 553 (Fla. 4th DCA 1986).
REVERSED.
ERVIN, J., concurs.
BOOTH, J., dissents with written opinion.
BOOTH, Judge, dissenting.
The sentences below should be affirmed. It is uncontested that the two offenses were totally unrelated, and therefore the trial court had full authority to impose these consecutive sentences. I can find no justification for disallowing a single judge's action in this case when, concededly, had two judges imposed these sentences they would be valid.