LAWRENCE, Judge.
Kurt Haas, a prisoner in the Florida correctional system, appeals the trial court’s sentence of fifteen years’ imprisonment following an adjudication that he violated the order placing him on community control. Haas raises two issues on appeal, the first of which is conceded by the State: (1) his sentence was imposed as the result of an improperly calculated scoresheet; and (2) the trial court deprived him of due process in considering a new, unproven offense when determining his sentence. We vacate the sentence and remand for resentencing before the same judge.
Haas was indicted on various charges in October 1988. He was fifteen years old. On August 30, 1989, Haas pled no contest to attempted sexual battery on a child less than 12 years old,[1] a second-degree felony, and to lewd and lascivious assault on a child,[2] also a second-degree felony. Haas was sentenced to two years’ community control followed by thirteen years’ probation. In March 1991, Haas violated his order of community control, due primarily to unauthorized absences from his residence. The court reimposed the same sentence but added a ninety-day period of electronic monitoring. In October 1991, Haas was again found to have violated his order of community control. The court imposed a fifteen-year sentence of incarceration.
As to the first issue, the State concedes that the sentencing scoresheet was improperly calculated in that it reflected 282 points instead of 224 points, resulting in a sentence which impermissibly exceeded the sentencing guidelines range in that the required written reasons were not given. This resulted from the erroneous classification of attempted sexual battery on a child under 12 years of age as a first-degree felony, rather than a second-degree felony. Even though the trial court was not made aware of the scoresheet error, this court has held that such error requires reversal and resentencing, even in the absence of a contemporaneous objection. Sellers v. State, 578 So.2d 339 (Fla. 1st DCA 1991), approved, 586 So.2d 340 (Fla.1991) (citing Higgs v. State, 470 So.2d 75, 76 (Fla. 3d DCA 1985).
As to the second issue, we have carefully examined the record in this cause and find that Haas’ contention that the trial court sentenced him for impermissible reasons has no merit.
Accordingly, we vacate the sentence in this cause and remand for resentencing based on a corrected guidelines scoresheet. However, since the incorrect scoresheet may have resulted in an unintended departure sentence, the trial court is free to consider whether a departure sentence is appropriate in this case upon resentencing. See State v. Betancourt, 552 So.2d 1107 (Fla.1989).
SMITH and KAHN, JJ., concur.

. Section 794.011(2), Florida Statutes (1987), makes it a life felony for a person under the age of 18 to commit sexual battery on a person under the age of 12. However, section 777.04(4)(b), Florida Statutes (1987), converts a life felony into a second-degree felony if the person is convicted of attempting a sexual battery.

. § 800.04, Fla.Stat. (1987).