PER CURIAM.
On appeal from a sentence imposed upon revocation of probation appellant contends that resentencing is required because the trial court relied upon a facially erroneous sentencing guidelines scoresheet. We find error, in that the guidelines scoresheet utilized by the sentencing judge erroneously scored 122 points for two counts of a life felony, whereas the primary offense at conviction was a single offense of armed robbery, a first degree felony punishable by life, which yielded a point score of only 82, a 40-point error.[1] Under a corrected scoresheet, appellant’s point score would have placed appellant’s base range in a different cell. Although appellant’s 15-year sentence imposed upon revocation of probation is within the permitted range under the guidelines, we have previously held that a facial error resulting in an increase of one or more cells requires reversal for resentencing, even in the absence of a contemporaneous objection. Haas v. State, 625 So.2d 103 (Fla. 1st DCA 1993); Sellers v. State, 578 So.2d 339 (Fla. 1st DCA 1991) (citing Higgs v. State, 470 So.2d 75, 76 (Fla. 3d DCA 1985), approved, 586 So.2d 340 (Fla.1991)).
A second issue raised by appellant is that the trial court erred in failing to enter a written order of probation. On remand, as the state concedes, the trial court is required to enter a written order of probation. -
*988 REVERSED and REMANDED for resen-tencing.
MINER and LAWRENCE, JJ., and SMITH, Senior Judge, concur.

. The original sentence was based upon a written plea agreement, pursuant to which appellant was adjudicated guilty of one count of attempted armed robbery, and one count of armed robbery. Appellant was sentenced to concurrent terms of eight years in prison followed by four years’ probation.