462 So.2d 875 (1985)
Leonard J. RAMSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-804.
District Court of Appeal of Florida, Second District.
January 30, 1985.
James Marion Moorman, Public Defender, Bartow, and Allyn Gaimbalvo, Asst. Public Defender, Clearwater, for appellant.
*876 Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
THOMPSON, JAMES R., Associate Judge.
The appellant, Leonard J. Ramsey, seeks reversal of the sentence imposed by the trial court which departed from the sentencing guidelines. Fla.Rule Crim.P. 3.701. On appeal Ramsey argues that the trial court erred in sentencing him outside the recommended guidelines because the court gave no reasons at sentencing or with the judgment and sentence to justify the departure. We agree. Florida Rule of Criminal Procedure 3.701(d)(11) provides that any sentence outside the guidelines must be accompanied by a written statement delineating the reasons for departure. Although this court recognizes that reasons for departure stated in the transcript may satisfy this requirement, see Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1984), in this case no reasons were given by the lower court in a written statement or orally at the sentencing hearing.
We note that the failure of the appellant's counsel to contemporaneously object to the sentence imposed does not vitiate the appellant's right to appeal. Rhoden v. State, 448 So.2d 1013 (Fla. 1984).
Accordingly, we vacate the appellant's sentence and remand for resentencing to the presumptive sentence or to a departure sentence imposed in accordance with the sentencing guidelines.
RYDER, C.J., and OTT, J., concur.