466 So.2d 433 (1985)
George Robert JOYCE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-791.
District Court of Appeal of Florida, Fifth District.
April 4, 1985.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
George Joyce appeals from judgments and sentences for burglary and assault. The sole question on appeal is whether the trial court erred in sentencing him under the guidelines.[1]
*434 Joyce was convicted of burglary and assault following a jury trial. His score of eighty-one resulted in a recommended sentence under the guidelines of three years incarceration. At the sentencing hearing held on April 26, 1984, Joyce was sentenced to three years imprisonment followed by three years probation on the burglary charge and a concurrent term of sixty days incarceration on the assault charge.
Florida Rule of Criminal Procedure 3.701(d)(12) provides as follows:
Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.
The Committee Note following this subsection provides as follows:
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph 11[2] are complied with.

If a split sentence is imposed (i e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range. (emphasis added)
Here, a split sentence was imposed, but the total sanction imposed exceeded the maximum guideline range. No reason for departure appears on the scoresheet nor was one articulated by the trial judge at the sentencing hearing. Accordingly, the cause must be remanded for resentencing.
The state's arguments are without merit. First, the state contends that the error was waived. This court has recently held that the contemporaneous objection rule does not apply to sentencing errors. See Walcott v. State, 460 So.2d 915 (Fla. 5th DCA 1984); Crews v. State, 456 So.2d 959 (Fla. 5th DCA 1984); Hackney v. State, 456 So.2d 1209 (Fla. 5th DCA 1984). See also State v. Rhoden, 448 So.2d 1013 (Fla. 1984).
Second, the state claims that the Committee Notes are mere "dicta" and are not entitled to the same force and effect as the sentencing guideline rule itself. This is clearly erroneous. In The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984), the Florida Supreme Court specifically stated that the Committee Notes have been adopted as part of the rules.
Finally, the state points out that the Committee Note to rule 3.701(d)(12) has been amended to read as follows:
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph 11 are complied with.
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
This amendment was adopted by the Florida Supreme Court on May 8, 1984, but did not become effective until July 1, 1984, upon adoption by the Legislature. Ch. 84-328, Laws of Fla.; § 921.001(4)(b), Fla. Stat. (1983). Here, Joyce was sentenced on April 26, 1984, prior to the effective date of the amendment. As this court has previously noted, such an amendment cannot be applied retroactively. See Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984).
*435 Joyce's convictions for burglary and assault and the sentence for assault are affirmed, and the cause is remanded for sentencing to the recommended guideline sentence or to a departure sentence imposed in accordance with the sentencing guidelines.
AFFIRMED in part, REVERSED and REMANDED in part.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.701.
[2] Paragraph 11 requires that any sentence outside the guidelines be accompanied by a written statement delineating the reasons for departure.