SHARP, Judge.
Hurst appeals from his sentences received for two counts of burglary and one count of grand theft. He argues that his burglary sentences are improper under the Guidelines, pursuant to the committee note to Florida Rule of Criminal Procedure 3.701(d)(12) in effect at the time the crimes were committed. We agree.
In this ease the trial court imposed the following concurrent[1] sentences on the defendant:
1. Burglary[2] — 3½ years incarceration, followed by a period of ten years probation.
2. Grand theft second degree — 3V2 years incarceration.
3. Burglary[3] — 3V2 years incarceration followed by a period of 10 years probation.
The applicable guidelines scoresheet totaled 73 points, which corresponds to a presumptive sentence of two and one-half to three and one-half years. The trial court did not purport to impose a sentence departing from the presumptive sentence range under the Guidelines. Fla.R.Crim.P. 3.701(d)(ll).
Both parties concede that at least two of the sentences[4] imposed in this case fit the definition of a “split sentence” found in the committee note to rule 3.701(d)(12), “[A] combination of state prison and probation supervision.” The current committee note provides that when such a sentence is imposed, “[T]he incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by law.” Committee Note, Fla.R.Crim.P. 3.701(d)(12) (Emphasis supplied).
However, this amended committee note became effective on July 1, 1984. Ch. 84-328, Laws of Fla.; § 921.001(4)(b), Fla. Stat. (1983); see also The Florida Bar Amendment to Rules of Criminal Procedure (3.701-3.988 — Sentencing Guidelines), 451 So.2d 824 (Fla.1984). The original committee note provided, in pertinent part, “If a split sentence is imposed ... the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed can *282 not exceed the maximum guideline range.’ Thus, although the sentences received in this case were valid under the current guidelines,[5] they were not proper under the original committee note, which was in effect when the crimes were committed in February 1984.
Since application of the current committee note results in a harsher punishment than the original one, we do not think it can be applied retroactively. Joyce v. State, 466 So.2d 433 (Fla. 5th DCA 1985); Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984); U.S. CONST. art. I § 9, CL. 3; Art. I, § 10, Fla. Const. Accordingly, we vacate the sentences imposed for the two burglaries involved in this case, and remand for resen-tencing on all three counts in order for the trial court to have an opportunity to properly apportion the guideline sentence among the three counts. Fla.R.Crim.P. 3.701(d)(12).
SENTENCES VACATED; REMANDED.
COBB, C.J., and DAUKSCH, J., concur.

. § 921.161, Fla. Stat. (1983).

. Case No. 84-1076.

. Case No. 84-4044.

.We need not address the issue of whether the combination of all three sentences could constitute a "split sentence.”

. Section 810.02(3), Florida Statutes (1983) states that a burglary where the perpetrator did not make an assault or battery or was armed is a second degree felony. Section 775.082(3)(c), Florida Statutes (1983) provides that a second degree felony shall be punished by a term of imprisonment not exceeding fifteen years.