ORFINGER, Judge.
Defendant’s conviction for burglary of a dwelling committed on June 6, 1984, resulted in a recommended guidelines sentence of community control or 12 to 30 months’ incarceration. Defendant appeals the sentence of 30 months’ incarceration followed by five years’ probation, contending that the sentence exceeds that permitted by the guidelines in effect when the crime was committed. We agree.
. [2] When the crime was committed, the sentencing guidelines proscribed the imposition of a split sentence (a combination of state prison and probation supervision) beyond the maximum guideline range. Committee note to Florida Rule of Criminal Procedure 3.701(d)(12). On July 1,1984, an amendment to the rule took effect which permits the imposition of a total sanction not exceeding the term provided by law. Although the amended rule was in effect at time of sentencing, it cannot be applied retroactively. Hurst v. State, 474 So.2d 280 (Fla. 5th DCA 1985); Joyce v. State, 466 So.2d 433 (Fla. 5th DCA 1985). This was not a departure sentence, so we must vacate the sentence and remand to the trial court with directions to strike the term of *1332 probation unless a valid reason for departure is stated.
Sentence VACATED and REMANDED.
COBB, C.J., and COWART, J., concur.