480 So.2d 647 (1985)
George BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-2311, 84-2346 and 84-2348.
District Court of Appeal of Florida, Second District.
September 13, 1985.
As Modified November 22, 1985.
James Marion Moorman, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.

ON MOTION FOR REHEARING
The motion for rehearing is granted. The opinion filed in this case on June 21, 1985 [10 FLW 1544], is withdrawn and the following opinion is substituted in lieu thereof.
PER CURIAM.
Appellant raises as error the inaccuracy of the scoresheet utilized to sentence him after revocation of his probation in three consolidated cases. He alleges that his previous offenses were erroneously scored as "prior record" rather than as "additional offenses at conviction." We agree, but affirm because proper scoring of his offenses would result in a greater point total but the same recommended sentence.
On separate occasions, appellant committed three burglaries (two punishable as felonies of the second degree and one punishable as a felony of the third degree), and one grand theft of the second degree (punishable as a felony of the third degree). For each offense, adjudication was withheld and appellant was placed on probation.
After accepting appellant's guilty plea to violations of probation, the trial judge revoked appellant's probation and adjudicated him guilty on all counts.
The scoresheet in the record on appeal reflects a point total of 53 points, computed as follows:

 Category 5: Burglary
 I Primary offenses at conviction
 (1 third-degree felony) 20 points
 III A. Prior record (2
 second-degree felonies) 13 points
 B. Prior convictions for
 Category 5 offenses (2 x 5
 points) 10 points
 IV Legal status at time of offense
 (constraint) 10 points
 _________
 TOTAL 53 points

This point total corresponds to a recommended range of community control or twelve to thirty months' incarceration. However, an increase of one cell upon revocation of probation pursuant to Florida Rule of Criminal Procedure 3.701(d)(14), results *648 in a recommended sentence range of two and one-half to three and one-half years. The trial judge sentenced appellant to concurrent terms of three and one-half years' imprisonment. No objection to the sentence was raised before the trial judge.
The state contends that this issue has not been preserved for appellate review because appellant's counsel failed to contemporaneously object to the sentence imposed. We disagree. Sentencing errors may be reviewed on appeal, even in the absence of a contemporaneous objection, if the errors are apparent and determinable from the record on appeal. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984); Hart v. State, 464 So.2d 592 (Fla. 2d DCA 1985); Ramsey v. State, 462 So.2d 875 (Fla. 2d DCA 1985); Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984). In the case before us, the scoring inaccuracies are readily determinable from the record. See Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985) [10 FLW 1859]; Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985); Tucker v. State, 464 So.2d 211 (Fla. 3d DCA 1985). Compare Dailey v. State, 471 So.2d 1349 (Fla. 1st DCA 1985) (alleged scoresheet error which is evidentiary in nature may not be raised for first time on appeal).
Turning to the merits of this case, Florida Rule of Criminal Procedure 3.701(d)(3), in effect at the time of appellant's sentencing, provides:
"Primary offense" is defined as the most serious offense at conviction. In the case of multiple offenses, the primary offense is determined in the following manner:
a) A separate guidelines scoresheet shall be prepared scoring each offense at conviction as the "primary offense at conviction" with the other offenses at conviction scored as "additional offenses at conviction."
b) The guidelines scoresheet which recommends the most severe sentence range shall be the scoresheet to be utilized by the sentencing judge pursuant to these guidelines.
The trial judge did not comply with this rule when sentencing appellant. Only one scoresheet, rather than four, was prepared and submitted, and that scoresheet utilizes an incorrect primary offense. Additionally, as appellant argues, these errors were compounded when his other offenses were scored as "prior record" rather than as "additional offenses at conviction."
While we agree that the trial judge committed error by utilizing an inaccurate scoresheet, we think such error is harmless in this case and does not warrant reversal. Our supreme court recently held that, on remand for resentencing, the trial judge must use the current guidelines rather than the guidelines which were effective at the time of the original sentencing. State v. Jackson, 478 So.2d 1054 (Fla. 1985) [10 FLW 564]. Using the current guidelines and the factual scenario urged by appellant in his motion, we find that a corrected scoresheet under Category 5: Burglary would show:

 I Primary offenses at conviction
 (1 second-degree felony) 40 points
 II Additional offenses at
 conviction (3 third-degree felonies) 6 points
 IV Legal status 10 points
 _________
 TOTAL 56 points

Thus, utilization of an accurate scoresheet results in an even greater point total than that utilized in the inaccurate scoresheet to arrive at appellant's recommended sentence. This new point total, however, corresponds to the same recommended sentence range.
Therefore, reversal and remand for resentencing would be a useless act and would serve no purpose. Dewberry v. State, 472 So.2d 792 (Fla. 1st DCA 1985); Burney v. State, 402 So.2d 38 (Fla. 2d DCA 1981). See Toney v. State, 456 So.2d 559 (Fla. 2d DCA 1984).
Affirmed.
DANAHY, A.C.J., and SCHOONOVER and HALL, JJ., concur.