481 So.2d 550 (1986)
Anthony BOSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-298.
District Court of Appeal of Florida, Second District.
January 10, 1986.
James Marion Moorman, Public Defender and Ann N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Frank J. Migliore, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
In each of two separate cases pending before two separate judges of the Circuit Court of Lee County, the defendant was charged with burglary of a dwelling. In one case, pending before Judge Wallace Pack, a guidelines scoresheet was prepared which produced a point total placing the defendant in the guideline range of two and one-half to three and one-half years. Judge Pack imposed a sentence of three years. The defendant has not appealed that sentence.
Three weeks after the imposition of sentence by Judge Pack, the defendant appeared before Judge Thomas S. Reese for sentencing in the other proceeding pending against him for burglary of a dwelling. At that time, defense counsel argued that Judge Reese should use the same guidelines scoresheet used by Judge Pack, in view of the provision of Florida Rule of Criminal Procedure 3.701(d)(1), which states that "one guideline scoresheet shall be prepared for each defendant covering all offenses pending before the court for sentencing."
Judge Reese disagreed with defense counsel's argument and used a separate scoresheet, although a scoresheet which was identical to the scoresheet which had been used by Judge Pack. Judge Reese then imposed a sentence of three years to run consecutively to the sentence imposed by Judge Pack. The defendant appeals.
Although not explicitly stated by the defendant, we assume that at the time Judge Pack imposed sentence in the proceeding before him, the other charge against the defendant was pending for sentencing before Judge Reese. The state does not argue to the contrary. Under such circumstances, we agree with the defendant that one scoresheet should have *551 been used. We are aware that the defendant apparently made no motion to consolidate the two cases for sentencing, but he did raise the point before Judge Reese. We agree with the decision of our sister court in Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985), which addresses the situation presented in the instant case. In that case the court said "the Committee Note which makes the sentencing court responsible for the accurate preparation of scoresheets compels us to place the burden upon the trial court to assure that all of the defendant's cases pending for sentencing in a particular county at the time of that defendant's first sentencing hearing are disposed of using one scoresheet." The Gallagher opinion clearly rejects the state's argument in the instant case that the word "court" as used in rule 3.701(d)(1) should mean the division of the circuit court in which a particular case is pending for sentencing.
Having found error, we would be expected to reverse this case and remand for resentencing. However, upon resentencing the trial judge would be required to use a scoresheet prepared in accordance with the guidelines now in effect, not the guidelines in effect at the time sentence was originally imposed in this case. State v. Jackson, 478 So.2d 1054 (Fla. 1985). Since then, the guidelines have been amended and the defendant's point total under the current guidelines would place him in a recommended range well in excess of the sum of the sentences which he has actually received from Judge Pack and Judge Reese. Therefore, under the circumstances, we find the error in this case harmless. See Bradley v. State, 480 So.2d 647 (Fla.2d DCA 1985).
Affirmed.
SCHEB, A.C.J., and CAMPBELL, J., concur.