486 So.2d 74 (1986)
Robert Paul PATTERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-906.
District Court of Appeal of Florida, Fourth District.
April 9, 1986.
*75 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for appellee.

*76 ON MOTION FOR REHEARING
BOARDMAN, EDWARD F., Associate Judge (Retired).
The opinion of this court filed on January 22, 1986, is withdrawn and the following opinion substituted in its place.
The appellee, the State of Florida, in its motion for rehearing alleges that our original opinion overlooked the decision rendered by our supreme court in State v. Jackson, 478 So.2d 1054 (Fla. 1985). For the reasons that follow, we affirm.
The information alleged that the appellant violated section 782.071, Florida Statutes (1975), by recklessly operating an automobile resulting in the death of another human being. The appellant pled guilty to manslaughter-D.W.I., and was convicted of that lesser charge. The court sentenced Patterson to seven years' imprisonment, followed by three years' probation. Patterson's guidelines score fell within the recommended guidelines range of three to seven years' imprisonment.
The trial judge clearly departed from the guidelines sentence. In February, 1984, the date the defendant committed the crime, the sentencing guidelines proscribed the imposition of a split sentence (a combination of state prison and probation supervision) the total sanction of which exceeded the maximum guideline range. See Committee Note to Florida Rule of Criminal Procedure 3.701(d)(12); Tisdale v. State, 475 So.2d 1331 (Fla. 5th DCA), review granted, No. 67,787 (Fla. Feb. 6, 1986); Hurst v. State, 474 So.2d 280 (Fla. 5th DCA 1985). Here, the total sanction of ten years (seven years of prison followed by three years of probation) exceeded the seven-year maximum recommended guidelines sentence.
The trial court erred when it departed from the recommended guidelines sentence because it did not meet the formal requirements for departing from the guidelines, see Boynton v. State, 473 So.2d 703 (Fla. 4th DCA), approved, 478 So.2d 351 (Fla. 1985); nor did it justify its departure from the guidelines by clear and convincing reasons. See Fla.R.Crim.P. 3.701(d)(11).
Ordinarily, having found a sentencing error, we would reverse and remand for new sentencing. However, upon resentencing, the trial judge would be required to use a scoresheet prepared in accordance with the guidelines now in effect, not the guidelines in effect at the time the sentence was originally imposed in this case. See State v. Jackson, 478 So.2d 1054 (Fla. 1985); Boston v. State, 481 So.2d 550 (Fla. 2d DCA 1986).[1] On July 1, 1984, the supreme court amended the guidelines. The current committee note to section 3.701(d)(12) provides that when a split sentence is imposed "[T]he incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law." Committee Note, Fla.R.Crim.P. 3.701(d)(12); see The Florida Bar Amendment to Rules of Criminal Procedure (3.701-3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). The appellant's ten-year sentence is not a departure sentence under the present guidelines because the maximum sentence under general law for a second degree felony is fifteen years. See § 775.082(3)(c), Fla. Stat. (1983). Therefore, under the circumstances, we conclude that the error was harmless. See Boston v. State, 481 So.2d 550 (Fla. 2d DCA 1986).
AFFIRMED.
DELL and WALDEN, JJ., concur.
NOTES
[1] We construe the holding of our supreme court in Jackson to be applicable here. Other courts uniformly support our position. We point out that two of our sister courts have expressed concern over the breadth of Jackson. See Carter v. State, 483 So.2d 740 (Fla. 5th DCA 1986), and Wilkerson v. State, 480 So.2d 211 (Fla. 1st DCA 1985). (both courts certified to the Florida Supreme Court the issue of whether guidelines amendments, though they are considered procedural in nature, should be applied at the time of sentencing without regard to the ex post facto doctrine). By this opinion, we also certify the above question, as applied to the facts in the instant case, as one of great public importance.