487 So.2d 402 (1986)
STATE of Florida, Appellant,
v.
Jeffery SALSBERRY, Appellee.
No. 84-1403.
District Court of Appeal of Florida, Fifth District.
April 28, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and David B. Russell, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Chief Judge.
The defendant was sentenced on September 11, 1984, for three counts of burglary (second-degree felonies) committed in 1981, for which adjudication had been withheld at that time, and for various third-degree felonies and misdemeanors committed in 1984. The trial court scored the 1981 burglaries as the primary offenses at conviction, and the 1984 crimes as additional offenses at conviction. The state contends the 1981 offenses should be scored as prior offenses.
We agree with the trial court. Hallback v. State, 479 So.2d 865 (Fla. 5th DCA 1985); Bradley v. State, 480 So.2d 647 (Fla. 2d DCA 1985). The approval by the supreme court of the commission's proposed clarification of the committee notes to Florida Rule of Criminal Procedure 3.701(d)(5)[1] has not been implemented by legislative action as required by § 921.001(4)(b), Fla. Stat. (1985).
AFFIRMED.
UPCHURCH, J., concurs.
GOSHORN, G.S., Jr., Associate Judge, dissents with opinion.
GOSHORN, G.S., Jr., Associate Judge, dissenting:
The stated purpose of the guidelines is to establish a uniform set of standards to eliminate unwarranted variation in the sentencing process. Clearly, if Salsberry's probation had been completed or the probation officer had elected not to file a violation, the 1981 offenses would have been properly scored as prior record. A different result should not obtain simply because probation violations are before the court at the time the defendant is being sentenced for new crimes.
The 1981 crimes should have been scored as prior record and the 1984 crimes of burglary of a structure should have been scored as the primary offense at conviction. This is consistent with the clarification of the committee note to Florida Rule of Criminal Procedure 3.701(d)(5) approved by the *403 supreme court, The Florida Bar Re: Rules of Criminal Procedure, 482 So.2d 311 (Fla. 1986):
For any offense where sentence was previously suspended pursuant to the imposition of probation and such offense is now before the court for sentencing, upon a revocation of that probation based on a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as "prior record" and not as "additional offense."
NOTES
[1] See The Florida Bar Re: Rules of Criminal Procedure, 482 So.2d 311 (Fla. 1986).