DANAHY, Chief Judge.
This case involves the same set of circumstances that was presented to this court in Boston v. State, 481 So.2d 550 (Fla. 2d DCA 1986). The circumstances here occurred prior to our decision in Boston, however, and the trial judges did not have the benefit of that decision.
The appellant was charged with various offenses in three cases pending before two separate judges of the Circuit Court of Lee County. Two cases were before Judge Wallace Pack and the other was before Judge Thomas S. Reese. The cases were all pending for sentencing, but each judge *1001 sentenced separately. On October 8, 1985, Judge Reese sentenced the appellant to three and one-half years for burglary of a dwelling and one year consecutive for grand theft, or a total of four and one-half years. On November 4, 1985, Judge Pack sentenced the appellant in one case to five and one-half years for burglary and concurrent five-year terms for two grand theft counts. He sentenced the appellant in the other case to concurrent five-year terms for uttering a forgery and grand theft. The sentences in each case were made consecutive to the sentences in the other case. The appellant’s counsel brought to Judge Pack’s attention that Judge Reese had previously imposed sentences on the appellant and requested that Judge Pack order the sentences imposed by him to run concurrently to the sentences imposed by Judge Reese. Judge Pack declined to do so, with the result that the sentences imposed by him run consecutively to those imposed by Judge Reese. Thus, the appellant was sentenced to a total of fifteen years imprisonment. He has not appealed the sentences imposed by Judge Reese, but has appealed the sentences imposed by Judge Pack.
In Boston, we pointed out that Florida Rule of Criminal Procedure 3.701(d)(1), states that “one guideline scoresheet shall be prepared for each defendant covering all offenses pending before the court for sentencing.” In Boston, as in this case, the defendant apparently made no motion to consolidate the cases for sentencing, but did raise the point before Judge Pack. We expressed our agreement with the rule that the sentencing court is responsible for the accurate preparation of scoresheets and the burden is upon the trial court to assure that all of a defendant’s cases pending for sentencing in a particular county at the time of the defendant’s first sentencing hearing are disposed of using one score-sheet.
In Boston, although we found error, we held it to be harmless. In the case now before us, we find the error requires reversal and remand for resentencing. The problem is how to undo the error. This is made difficult by the fact that the appellant has not appealed the sentences imposed by Judge Reese. The appellant indicates that he would be satisfied with a reversal and remand with instructions to Judge Pack that he order the sentences imposed by him to run concurrently with the sentences imposed by Judge Reese. The state, on the other hand, admits error under the decision in Boston but submits that rather than ordering Judge Pack to run his sentences concurrently with those of Judge Reese, Judge Pack should be permitted to determine whether concurrent or consecutive sentences are appropriate, and if Judge Pack orders the sentences to run consecutively, to give written reasons for his departure from the guidelines.
We prefer a third alternative. We reverse and remand with instructions that Judge Pack impose sentences based on a scoresheet prepared as if all offenses, both those involved in the case before Judge Reese and those involved in the cases before Judge Pack, were pending for sentence. To the extent that Judge Pack imposes a sentence exceeding the guidelines recommendation, taking into consideration the sentences imposed by Judge Reese, he must support the departure with clear and convincing reasons expressed in writing. State v. Mischler, 488 So.2d 523 (Fla.1986); State v. Jackson, 478 So.2d 1054 (Fla.1985).
Reversed and remanded with directions.
SCHEB, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.