506 So.2d 86 (1987)
Ralph PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2818.
District Court of Appeal of Florida, Second District.
May 1, 1987.
*87 James Marion Moorman, Public Defender, and W.H. Pasch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Ralph Parker, appeals a trial court order denying his motion to set aside sentence. We find that the trial court erred in denying appellant's motion and, accordingly, reverse.
In 1984, a jury found appellant guilty of battery in violation of section 784.03, Florida Statutes (1983) (a first degree misdemeanor), resisting arrest with violence in violation of section 843.01, Florida Statutes (1983) (a third degree felony), and two counts of battery of a law enforcement officer in violation of section 784.07, Florida Statutes (1983) (third degree felonies). The guidelines scoresheet prepared for sentencing reflected 202 total points which resulted in a presumptive guidelines sentence of four and one-half to five and one-half years incarceration. After adjudging appellant a habitual offender, the trial court sentenced appellant to three concurrent ten year sentences on the third degree felony convictions and to a one year concurrent sentence on the first degree misdemeanor conviction.
On appeal, this court reversed the convictions on the two counts of battery of a law enforcement officer and remanded for a new trial on those charges. Parker v. State, 471 So.2d 1352 (Fla. 2d DCA 1985). After we remanded, the state nolle prossed the two charges, and appellant then filed a motion to set aside his original sentence on the remaining charges. The motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, alleged that appellant had been sentenced under an incorrect guidelines point total because the two nolle prossed felonies added extra points to his score and that the two felonies were also considered in determining whether he would be sentenced as a habitual offender. At the hearing on appellant's motion, the trial court found that even without the two nolle prossed charges, appellant had at least four felony convictions on his record. The trial court, therefore, upheld its original finding that appellant was a habitual offender. The court then held that since the three ten year sentences previously imposed were to be served concurrently, the ten year sentence originally imposed for resisting arrest with violence was proper. The appellant's motion to set aside his sentence was, accordingly, denied, and this timely appeal followed.
Although postconviction proceedings may not normally be used to raise for the first time issues which were or could have been raised on appeal, appellant had no reason to question the accuracy of the total points on his scoresheet at the time he first appealed his convictions and sentences. A computation error in a guidelines scoresheet, furthermore, may be raised for the first time on a motion for postconviction relief. See State v. Chaplin, 490 So.2d 52 (Fla. 1986). The trial court, therefore, properly considered appellant's motion on the merits; however, it erred in finding that the ten year sentence originally imposed for resisting arrest with violence was proper.
A correctly calculated scoresheet must be used by the trial court even though a departure sentence is imposed. See Bass v. State, 496 So.2d 880 (Fla. 2d *88 DCA 1986); Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985). Although the original scoresheet was correct when appellant was first sentenced, once the two third degree felony convictions were nolle prossed, the scoresheet became incorrect because it then contained points for two crimes for which no convictions had been obtained. Fla.R.Crim.P. 3.701. The court, accordingly, erred by not granting appellant's motion and resentencing him using a corrected scoresheet reflecting a correspondingly corrected presumptive sentence. We, therefore, must reverse and remand for resentencing.
Additionally, when appellant was originally sentenced, the court departed from the presumptive sentence on the basis of appellant's habitual offender status. Since that time, the supreme court has ruled that it is improper to depart from a recommended guidelines sentence because a defendant is a habitual offender. Whitehead v. State, 498 So.2d 863 (Fla. 1986). As a defendant must be sentenced according to the guidelines in effect at the time of resentencing, see Boston v. State, 481 So.2d 550 (Fla. 2d DCA 1986), at resentencing, appellant's status as a habitual offender may not be used as a reason to depart from the sentence recommended by the guidelines.
Reversed and remanded for resentencing.
SCHEB, A.C.J., and HALL, J., concur.