PER CURIAM.
Julio Rojas appeals from his conviction of and sentence for burglary and petit theft. We affirm. Finding no merit to Rojas’s challenge of his conviction, we limit our discussion to the appeal of his sentence.
Rojas was arrested while burglarizing a store less than one month after he had been convicted and placed on a twelvemonth term of community control for second-degree robbery. A jury found Rojas guilty of burglary and petit theft. In completing the sentencing guidelines score sheet pursuant to Florida Rules of Criminal Procedure 3.701 and 3.988, the trial judge treated the burglary as the primary offense, the petit theft as an additional offense, and the robbery conviction and three prior misdemeanor offenses as prior convictions. After adding ten points for Rojas’s violation of the community control constraint, the trial judge arrived at a total score of fifty-two points which translated into a recommended sentence of twelve to thirty months of incarceration or community control. Citing Rojas’s almost immediate return to crime following his robbery conviction as justification, the trial judge departed from the sentencing guidelines and sentenced Rojas to two five-year terms and one sixty-day term, to run concurrently.
Rojas relies upon State v. Salsberry, 487 So.2d 402 (Fla. 5th DCA 1986); Bradley v. State, 480 So.2d 647 (Fla. 2d DCA 1985); cause dismissed, 486 So.2d 595 (Fla.1986); and Hallback v. State, 479 So.2d 865 (Fla. 5th DCA 1985), to support his contention that, because he had been placed under community control, the trial court erred in treating the robbery conviction as a prior conviction for purposes of the sentencing guidelines score sheet, rather than as an additional offense. This, according to Rojas, inflated the score by fourteen points and incorrectly elevated the recommended sentence from “any non-state prison sanction” to twelve to thirty months of incarceration or community control. See Fla.R. Crim.P. 3.988(e). Rojas claims that the sentence must be reversed because a sentence departure cannot be sustained when it is grounded upon a miscalculated score sheet. See Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985); Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985).
We affirm Rojas’s sentence because the trial judge did not miscalculate the recommended sentence. The judge was correct in treating Rojas’s prior robbery conviction as a prior conviction rather than an additional offense. Florida Rule of Criminal Procedure 3.701(d)(5)(a) defines “prior record” as including “any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of *1160 the primary offense.” Although we acknowledge that the cases cited by Rojas provide some support for his position, the clarification of the committee notes to Florida Rule of Criminal Procedure 3.701, approved by the supreme court, see The Florida Bar Re: Rules of Criminal Procedure, 482 So.2d 311 (Fla.1985), and adopted and implemented by the legislature, see § 921.0015, Fla.Stat. (Supp.1986), as required by section 921.001, Florida Statutes (Supp.1986), makes it clear that Rojas’s robbery conviction was properly treated as a prior conviction. The committee note to Rule 3.701(d)(5), which defines “prior record,” indicates that
[f]or any offense where sentence was previously suspended pursuant to the imposition of probation and such offense is now before the court for sentencing, upon the revocation of that probation based upon a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as “prior record” and not as “additional offense.”
Although the committee note refers only to probation, because revocation of probation and community control are treated identically, see § 948.06, Fla.Stat. (1985), there appears to be no reason why the note does not apply equally to the revocation of community control. Consequently, since it is undisputed that Rojas was convicted of robbery one month before he committed the instant offense, and that his community control sentence has been revoked based on the subsequent crime, the trial court properly treated the earlier robbery conviction as part of Rojas’s prior record rather than as an additional offense. See Salsberry, 487 So.2d at 402-03 (Goshorn, J., dissenting).
We find Rojas’s other arguments to be without merit. See White v. State, 481 So.2d 993 (Fla. 5th DCA 1986); Rodrigue v. State, 481 So.2d 24 (Fla. 5th DCA 1986); Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984); § 921.001, Fla.Stat. (Supp. 1986). Accordingly, we affirm Rojas’s conviction and sentence.