COWART, Judge.
On August 5,1986, on Count IX of Information 86-270, a split sentence of five years, split 2½ years in confinement (less credit for 180 days pre-sentence confinement) and 2½ years on probation, was imposed on the defendant for offense A. At the same time, on Count X of Information 86-270, the defendant was put on probation for five years for offense B, to be served consecutive to the split sentence for offense A.
After serving the incarcerative portion of the split sentence on offense A and during the remaining 2⅛ year probation portion of that split sentence, the defendant was incarcerated on two new charges for offenses C (Count I of Information 87-1856) and D (Count II of Information 87-1856). After serving 129 days pre-sentence jail incarceration, the trial court formulated a guidelines sentence taking into account all four charges and on February 26, 1988, sentenced the defendant for offense C to imprisonment for three years less jail time credit for the 129 days pre-sentence confinement.
The defendant appeals, contending that he is entitled to credit against the 3 years guidelines sentence (imposed for offense C) for not only the 129 days jail time credit but also for the 2V2 year jail and prison time credited on offense A. The defendant’s contention is erroneous.
Whatever effect the defendant’s split sentence for offense A should have been given in formulating the guidelines sentence imposed for offense C,[1] the defendant is not entitled to credit on the later sentence (imposed for offense C) for the confinement time he served under the prior sentence (imposed for offense A). The defendant was sentenced in 1986 for offense A but he was not sentenced for offense B. He was given probation in lieu of a sentence on offense B. The difference is both substantive and substantial.
In short, the defendant was entitled to, and received, 180 days’ jail-time credit against the 2½ year incarcerative portion of his 5 year split sentence for offense A; but he is not entitled to credit against the 3 *252 year sentence imposed for offense C for the jail-time and prison-time imposed, served, and credited on the sentence imposed for offense A.
AFFIRMED.
COBB and DANIEL, JJ., concur.

. Under Florida Rule of Criminal Procedure 3.701 d.5., the conviction for offense A should he scored as "prior record" on the defendant’s guidelines scoresheet prepared for sentencing for offense C. Howver, in contrast with the split sentence imposed for offense A, the defendant, in lieu of being sentenced, was placed on probation as to offense B (§ 948.01(3), Fla. Stat.). If the probation for offense B was effective when offenses C and D were committed (this probation was consecutive to the 5 year split sentence for offense A) the commission of offenses C and D violated the conditions of that probation and would normally result in its termination and sentencing in which event offense B would be "pending before the court for sentencing” (3.701 d.l. and 4.) at the time sentence was imposed on offenses C and D. If offense C was found to be the "primary offense” (3.701 d.3.), then logically offense B should have been scored and sentenced as an “additional offense at conviction” (3.701 d.4.). However, the committee note (1985 amendment) to Rule 3.701 d.5., states that in this circumstance, the earlier offense (offense B) shall be scored as "prior record” and not as “additional offense.” The anomaly created by this provision and the opinions in Rojas v. State, 506 So.2d 1158 (Fla. 3d DCA 1987) and Cain v. State, 506 So.2d 1125 (Fla. 1st DCA 1987) was the focus of the attention of the trial judge and counsel in this case. Peculiarly, in this case the court did not sentence the defendant as to offense B but disregarded the split sentence imposed for offense A on August 5, 1986, and on February 26, 1988, placed the defendant on straight probation for 2½ years for both offense A and offense B. Those actions are not the subject of this appeal.