ORFINGER, R.B., J.
Ruben James McAfee appeals the sentences imposed after this court remanded this matter for resentencing following an earlier appeal. McAfee v. State, 745 So.2d 590 (Fla. 5th DCA 1999). As directed by this court, the trial judge utilized one sen-fencing scoresheet for both of McAfee’s offenses and sentenced McAfee to 34 months of incarceration, even though the maximum sentence permitted under the guidelines without an upward departure was 22.5 months. This was error.
The sentences imposed on McAfee exceeded the maximum permissible guideline sentence.[1] Florida Rule of Criminal Procedure 3.701(d)(12) provides that “the total sentence cannot exceed the total guideline sentence unless a written reason is given.” See Joyce v. State, 466 So.2d 433 (Fla. 5th DCA 1985). No written (or oral) reason for departure was given by the trial court to justify an upward departure. Consequently, the sentences imposed were improper.
We find no merit in the other issues raised by McAfee. We vacate the sentences and remand the matter for imposition of a guideline sentence.[2] See Pope v. State, 561 So.2d 554 (Fla.1990).
REVERSED AND REMANDED.'
THOMPSON, C.J., and PLEUS, J„ concur.

. Because McAfee's offenses occurred prior to October 1, 1998, his sentencing was governed by section 921.001, Florida Statutes (1998).

. Assuming that the sentencing scoresheet provided to this court is accurate, on remand, McAfee shall not be sentenced to more than 22.5 months of incarceration.